### JOHN BINDRUM v. STATE.

No. A-4647.    Opinion Filed Aug. 25, 1924.
(228 Pac. 168.)

(Syllabus.)

**Appeal and Error—Conviction Reversed on Confession of Error, if Sustained by Facts and Law.** Where the Attorney General confesses error, this court will examine the record, and, if the confession is sustained thereby, and is well founded in law, the conviction will be reversed.

Appeal from County Court, Woods County; J. J. Glaser, Judge.

John Bindrum was convicted of having unlawful possession of intoxicating liquor, and he appeals. Reversed.

L. T. Wilson and C. H. Mauntel, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from the county court of Woods county wherein the plaintiff in error was convicted of having unlawful possession of certain intoxicating liquor and by the judgment of said court sentenced to pay a fine of $300 and suffer imprisonment in the county jail for a period of 30 days.

Numerous errors are assigned as grounds for reversal, among which is assignment No. 11, that the trial court erred in admitting illegal and incompetent evidence against the defendant over his timely objection and exception.

The defendant was charged with having on the 5th day of February, 1923, at and within Woods county the unlawful possession of certain intoxicating liquors, to wit, grape wine, with the unlawful intent on the part of him the said defendant then and there to barter, sell, trade, and otherwise furnish the same, and with the unlawful intent on the part of him the said defendant to then and there transport, convey, and carry the same, contrary to the prohibitory laws of the state of Oklahoma, etc.

The Attorney General has filed the following confession of error:.

"This is an appeal from a judgment of the county court of Woods county, wherein plaintiff in error was found guilty of the crime of unlawful possession of intoxicating liquors and sentenced to pay a fine of $300 and be imprisoned in the county jail for a period of 30 days. Plaintiff in error was charged with having possession of a large quantity of home-made grape wine, to wit, three barrels. When the officers searched the premises and found the wine, they took possession of same and drew out of each barrel a quart bottle full of

the same, which was afterwards analyzed by G. M. Lisk, an alleged chemist, who pasted upon the bottles the result of his analysis. See State's Exhibits 2, 3, and 4, pages 107, 108, Case-Made. Lisk was not a witness on the trial of the case, but the state offered in evidence the three bottles above described, to which offer the defendant objected. See page 57, Case-Made.

"And again, after all the testimony for the state was in, the county attorney asked to have the bottles viewed by the jury, to which request plaintiff in error objected, and specifically objected to the labels on the bottles. The court permitted the bottles, with the labels, to not only be offered in evidence, but to be exhibited to and viewed by the jury, without the same ever having been identified as the wine analyzed by the chemist. This was the rankest character of hearsay testimony, and was prejudicial to the rights of the plaintiff in error, and we think on that alone this court would be amply justified in reversing the case. All of which is respectfully submitted."

Examination of the record discloses that the exhibits referred to in the Attorney General's confession of error were admitted over the timely objection and exception of defendant's counsel without proper predicate having been made as to the identity of these exhibits having been in the possession of the defendant, and the exhibits themselves show that the liquor contained in the bottles was labeled "wine" by one G. M. Lisk, who purported to be a chemist, and the labels also contained statements that the alcoholic contents of the liquid contained in the bottles was 14.8 per cent., measured by volume, on Exhibit No. 2, 13.59 per cent. on Exhibit No. 3, and 15.08 per cent. on Exhibit No. 4.

The introduction of these exhibits, together with the statements contained on the labels as to the alcoholic content of the liquid therein found and that the same was wine, was clearly prejudicial to the defendant, without the introduction

of the witness Lisk to identify the exhibits and contents of· the bottles as the liquid analyzed by him, and that the same was wine, and, further, a part of the liquid alleged to have been found in the possession of the defendant.

The confession of error of the Attorney General, therefore, is sustained, and the judgment reversed.

BESSEY, and DOYLE, JJ., concur.