# D. T. TARKINGTON v. STATE.

No. A-6373. Opinion Filed Jan. 26, 1929.
(273 Pac. 1015.)

McDonald & McDonald, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Bryan county on a charge of grand larceny, and was sentenced to imprisonment for the term of one year and one day.

The information properly charges that the defendant did, in Bryan county and state of Oklahoma, commit the crime of grand larceny.

The defendant in his motion for a new trial assigns six separate errors, claimed to have been committed by the trial court.

The first ground of error urged is that the venue of the crime was not sufficiently proven by the state.

In the case of Spencer v. State, in an opinion by Judge Furman, this court held:

"Courts take judicial notice of the boundaries of counties and county lines and of the location of towns and cities therein."

Judge Furman further says in this case:

"That even if this were not the law, the allegation that the building burglarized was about 6 miles east of Wapanucka was purely surplusage, and it was not necessary to prove it at all. The material allegation was that the building was the property of J. B. Wyrick and was situated in Atoka county." Spencer v. State, 5 Okla. Cr. 7, 113 P. 224; Harvey v. Ter., 11 Okla. 156, 65 P. 837.

This court will take judicial notice of the fact that the town of Achille is in Bryan county, Okla. This court will also take judicial notice that a point about 10 miles east of Archille is in Bryan county, Okla. In this case the proof is sufficient to locate the venue in Bryan county, and that is all that is required.

It is next contended that the trial court erred in admitting a certain confession by the defendant to the county attorney of Bryan county. Under this assignment of error it is disclosed that the trial court excluded a certain alleged confession made to one Clark, the justice of the peace, before whom the preliminary information was filed in this case, on the theory that such confession was induced by a promise of leniency and by an assurance that, if the defendant did confess his guilt, he would be punished only by a fine of $50 and costs.

The trial court conducted a hearing in the absence of the jury on the question of the admission of this confession made to Clark, and also on a pretended confession made to the county attorney. The trial court excluded the confession made to Clark, but did admit the confession made by the defendant to the county attorney. It is contended by the defendant that, because the confession made to Clark was excluded under the assumption that it was made involuntarily, the presumption exists that any subsequent confession was made involuntarily, until the contrary is made to appear.

In the case of Berry v. State, 4 Okla. Cr. 202, 111 P. 676, 31 L. R. A. (N. S.) 849, this court held: "Prima facie any confession is admissible in evidence; and where its admissibilty is challenged by the defendant, the burden is on him to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact."

In this same case the court further says: "The admissiblity of a confession where it is challenged, is a question solely for the court after hearing, in the absence of the jury, all the evidence on each side respecting the circumstances under which the confession was made; and the court is vested with a large discretion in determining the matter."

In the present case the court had the witnesses before him and could observe their demeanor on the stand, their general conduct and appearance, and their manner of testifying, and was in a much better position to form a just estimate of their truthfulness than we are. The evidence was conflicting, and the burden was on the defendant; and we cannot say upon this record that the court erred in admitting the evidence.

Under the third assignment of error it is contended that the defendant was required to give evidence against

himself by reason of the alleged confession, without being warned of his right against self-incrimination while he was under arrest, and for that reason the alleged confession was inadmissible.

In the case of Mays v. State, 19 Okla. Cr. 102, 197 P. 1064, Judge Doyle well says: "The fact that the defendant was under arrest and in jail, and was not warned that any statement made by him might be used aginst him, will not affect the admissibility of any voluntary statement made by him, which would otherwise be competent."

The fifth assignment of error, on the ground that the court failed to give an instruction on petit larceny, and in the sixth assignment, the failure of the court to give an instruction on circumstantial evidence, is without merit, for the reason that the evidence to support the charge of grand larceny was sufficient and no instruction was necessary.

We have carefully examined the record and the evidence offered in the case and find that the evidence is sufficient to support the verdict of guilty. The record shows that the defendant received a fair trial, and that no error was committed prejudicial to his rights, and the judgment appealed from is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.