## LEE THORNTON v. STATE.

No. A-7653.   Opinion Filed Nov. 22, 1930.
Rehearing Denied Dec. 6, 1930.
Application for Leave to File Second
Petition for Rehearing Denied
Jan. 10, 1931.
(293 Pac. 583.)

James A. Embry, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county of the crime of burglary, and his punishment fixed by the jury at imprisonment in the state penitentiary for seven years.

Defendant contends first that the court erred in overruling his motion to quash the information, upon the

ground that the findings of the examining magistrate were insufficient to authorize the filing of the information in the district court.

When the case was called for trial, defendant filed his motion to quash the information, which motion reads as follows:

"Comes the defendant, Lee Thornton, having first obtained leave of court to move out of time, and moves the court to quash, vacate and set aside the information herein for the following reasons, to wit:

"That the findings of the committing magistrate upon which said information is based are insufficient to authorize the filing of an information giving this court jurisdiction of the subject-matter of the prosecution for the reason that no sufficient or proper finding of the commission of the pretended offense laid in the information was made or entered or any finding of sufficient or probable cause to believe the defendant guilty thereof, as shown by the transcript containing said criminal complaint now on file herein, and which is made a part of this motion by reference."

Section 2598, C. O. S. 1921, provides:

"To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment or information the defendant may file his application before any court of record in the county, setting out and alleging that he is being proceeded against in a certain court, naming it, and setting out a copy of his motion, and alleging, all under oath, that he is acting in good faith, and praying for an order to examine witnesses in support thereof."

In the case of Brown v. State, 36 Okla. Cr. 293, 254 Pac. 113, this court said:

"Before a defendant is entitled to be heard in a proceeding to set aside an information, he must bring himself clearly within the provisions of the statute.

"A motion to set aside an information must be duly verified."

This motion to quash was insufficient because it fails to state the facts required by section 2598, supra, and because the same was not verified. It was not error, therefore, for the trial court to overrule the same.

The defendant next contends that the court erred in permitting the county attorney, over the objection of the defendant, to disclose to the jury certain involuntary statements made to him and other officers, and erred in admitting evidence respecting the same, including exhibits offered in evidence over his objection, being certain property recovered by the officers with the aid of the defendant.

During the progress of the trial it developed from the evidence of the state that after the defendant's arrest he made certain statements to the officers criminating himself and took the officers to the place where some of the property taken at the time of the burglary was concealed in and about his home. The defendant objected to the introduction of this evidence for the reason that the purported confession and the obtaining of the property was obtained by threats and coercion and by promise of immunity. In the absence of the jury, the court heard the evidence of the defendant and the state, and upon such evidence found that the confession was made voluntarily and without promise or hope of reward, and admitted the same.

In the case of Tarkington v. State, 41 Okla. Cr. 423, 273 Pac. 1015, 1016, this court said:

"The admissibility of a confession, where it is challenged, is a question solely for the court after hearing, in the absence of the jury, all the evidence on each side respecting the circumstances under which the confession was made; and the court is vested with a large discretion in determining the matter."

The court had the witnesses before him and could observe their demeanor on the stand, their general conduct and appearance, and their manner of testifying, and was in a much better position to form a just estimate of their truthfulness than we are. The evidence was conflicting and the burden was upon the defendant; and we cannot say upon this record that the court abused its discretion or erred in admitting this evidence.

The defendant next contends that the court erred in directing that the term of imprisonment begin at and from the date of the expiration of the judgment and sentence in State v. Lee Thornton, 49 Okla. Cr. 243, 293 Pac. 585, convicted at the same term of court upon a charge of arson for the burning of the building burglarized in the case at bar.

Section 2303, C. O. S. 1921, provides:

"When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

Section 2774, C. O. S. 1921, provides:

"If the defendant (shall) have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

In Ex parte Halbert, 45 Okla. Cr. 167, 282 Pac. 478, this court said:

"Where a defendant is convicted of two or more crimes, where imprisonment is adjudged as a part of the penalty, the sentence in the second or subsequent con-

viction can run concurrently with the first only in cases where the convictions are had in the two or more cases before sentences had been pronounced in either, and then where the judgment and sentence in the second or subsequent conviction designates that such sentence shall run concurrently with the judgment and sentence in the first or prior conviction. Sections 2303, 2774, Comp. Stat. 1921.

"The time fixed for the commencement of a sentence is not one of its essential elements. The essential part of the judgment is the punishment and the amount thereof. The time when it shall commence is in the nature of an award of execution."

The time when the punishment shall commence being in the nature of an award of execution, it is immaterial upon which of the judgments the defendant shall be first imprisoned, and, since the judgments do not run concurrently, he cannot be discharged until he has suffered the punishment inflicted in each of the judgments.

Since the trial court in pronouncing judgment has provided that the judgments shall not run concurrently, this court is without any authority to direct otherwise.

The defendant did not take the witness stand and offered no evidence in the case. It appears that he not only burglarized the home of the complaining witness, but that he also set fire to the building for the purpose of concealing the crime. The defendant had a fair trial. The errors he complains of are insufficient to require a reversal of the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.

On Application for Leave to File Second Petition for Rehearing.
(295 Pac. 803.)

PER CURIAM. The original opinion in this case was filed November 22, 1930; petition for rehearing was denied December 6, 1930. After considering the application of the defendant for leave to file the second petition for rehearing, the same is denied.

It appearing to the court that the trial judge who tried the defendant, the assistant county attorney, and the Attorney General have filed statements saying that, if the court thinks the facts justify a modification of the sentence it would be agreeable to them that the judgment be modified to two years.

It appearing from the record that the defendant was tried for arson and burglary growing out of the same transaction, and that in the arson charge he received a sentence of five years, and in the burglary charge seven years; the sentences do not run concurrently.

From an examination of the record, the facts are sufficient to sustain a conviction, but, in view of the fact that the trial judge, the assistant county attorney, and the Attorney General have filed a statement they had no objection to a modification of the sentence, the sentence in this case is modified from seven years to two years.