# GLENN ADRIAN CARR v. STATE.

No. A-10886.    Jan. 7, 1948.

(188 P. 2d 705.)

430

Judd L. Black, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Glenn Adrian Carr, was charged in the district court of Oklahoma county with the crime of burglary in the second degree, was tried, convicted by a jury with sentence left to the court. The trial court thereupon sentenced the defendant to serve a term of seven years imprisonment in the State Penitentiary, and he has appealed.

The proof of the state showed that on the night of August 5, 1946, the Poole Drug Store, located at 219 North Western avenue, in Oklahoma City, was entered through a window and several cartons of Camel cigarettes, a ham, and about $120 in cash were taken from a cash box and out of a vending machine. The owner of the drugstore testified that when he accumulated any small change, he placed it in a wrapper and instead of taking the small change to the bank, he retained the wrappers full of coins for use when he needed some small change. These wrappers had the name Poole Drug Store, 219 North Western Avenue, Oklahoma City 1, Oklahoma, stamped on them.

An employee of the Farmers Union Produce testified that on the morning of August 6, 1946, between 8:00 and 8:30 a. m., the defendant entered the produce company. Another groceryman had just bought some produce and gave her a $20 bill; that she did not have the change for the bill, but that the defendant gave her some half dollars, quarters, and dimes for the $20 bill. At the same time the defendant bought a case of eggs for the Samara grocery and paid her in change. That part of the change consisted of a roll of dimes in a paper wrapper upon which was stamped the name, Poole Drug Store, 219 North Western Avenue, Oklahoma City 1, Oklahoma. She then identified State's Exhibit No. I as being the coin wrapper in which the roll of dimes was wrapped. She testified that she threw the wrapper in the waste paper basket and later turned it over to the police.

Two policemen of Oklahoma City testified that they made an investigation of the burglary of the Poole Drug Store. That they found that a ladder had been placed against the north side of the building and a screen had been torn loose from a window, and that marks showed that some one had entered the building through the window. That on Friday after the burglary on Tuesday, the defendant was arrested and taken to the police headquarters. That after the arrest of the defendant, they went to his apartment in company with the defendant's wife and made a search. That they found several cartons of Camel cigarettes and concealed behind some drawers in a cabinet they found two brown paper bags with quite a little money in them, consisting chiefly of coins, and that they found half of a ham in the icebox. That after they had found these articles in the apartment of defendant, they talked with him about the burglary and defendant readily admitted that he had committed the burglary.

That a stenographer was called and the confession was dictated to her by the defendant. That later, after the confession had been typed, the defendant signed the same. Objection was interposed on behalf of the defendant to the admissibility of the confession in evidence and in the absence of the jury the court heard evidence on the question as to whether the confession had been voluntarily given. The objection of the defendant to the admission in evidence of the confession was overruled. The jury was recalled and much of the evidence, consisting of cross-examination of the offcers, was again repeated in the presence of the jury, relating to the alleged promises made by the officers to the defendant to induce signing of the confession. In the written confession which the defendant signed he said he was employed by the Samara grocery on August 6, 1946; he detailed the circumstances of the burglary and further related that Mr. Samara gave him approximately $11 in bills to buy a case of eggs from the produce house and he kept the currency which had been given to him, but paid for the eggs in dimes which were rolled in a wrapper taken in the burglary. At the close of the evidence of the state, the defendant moved for a directed verdict of not guilty which was overruled and the defendant rested without offering any evidence in his own behalf.

The first proposition presented by defendant is that the court erred in admitting hearsay evidence against the defendant. This assignment is directed to notations made upon the paper wrapper, State's Exhibit No. I, in which were wrapped some dimes which had been taken from the Poole Drug Store. At the time the policemen were given the wrapper, one of them made a notation of the date on the wrapper and the girl's name at the produce

house who delivered it to them. Also written on the wrapper was the name of the Samara grocery and its address. H. L. Poole, owner of the drugstore, positively identified the exhibit as being one used in his place of business for the purpose of wrapping coins to be later used by the store in making change. The employee of the Farmers Produce testified positively that the defendant gave her a roll of dimes enclosed in the coin wrapper the next morning after the burglary was committed. At the time the exhibit was offered in evidence, counsel for the defendant made the objection on the ground that the exhibit was "incompetent, irrelevant and immaterial". No reference was made to any of the notations on the wrapper and no objection was interposed to the exhibit on the ground that any part of it would constitute hearsay evidence.

This court has held that it was error to admit in evidence a bottle of intoxicating liquor containing a label on which had been written certain damaging statements against the defendant by the arresting officer. Bindrum v. State, 27 Okla. Cr. 372, 228 P. 168.

Also, in a prosecution for embezzlement, it has been held as error to admit in evidence a letter written by a Deputy State Examiner which recites conclusions of the Examiner. Krause v. State, 75 Okla. Cr. 381, 132 P. 2d 179.

A photostatic copy of the coin wrapper in question is included in the case-made and we have carefully examined it. The notations written on it by the officer constituted hearsay, but they were absolutely immaterial and could not possibly have had any bearing on the outcome of the case. The wrapper was positively identified as having come from the drug store and the defendant was

identified as being the person who had the possession of the wrapper the morning after the burglary was committed. The wrapper was correctly admitted in evidence and the notations would probably have been erased if objection had been made to them, but since there was nothing in any of the penciled statements to involve or prejudice the defendant, the admission of such evidence was certainly harmless.

It is next contended that the court erred in admitting the confession of defendant in evidence for the reason that the proof showed that the confession was not voluntarily made. The defendant testified on this question and admitted making the confession, but stated that he signed the confession because of threats on the part of the police officer to prosecute his wife if he did not sign the confession, and further stated that the officers promised him that they would not file a second offense burglary charge against him. Both officers positively denied the statement of the defendant that they threatened to prosecute his wife if he did not sign the confession. The officers did admit that there was some discussion between them and the defendant about the filing of second degree burglary charges after former conviction and that one of them told the defendant that if he would co-operate with him in straightening out the burglary charge, they would co-operate with him. The proof showed that they did recommend to the county attorney that he file a straight burglary charge instead of a burglary charge after a former conviction of a felony which would have carried a much more severe penalty than that which would be imposed for a burglary charge.

The record discloses that after the articles were found in the apartment of defendant, he made an oral confes-

sion of his guilt. The alleged threats and promises of benefit which the defendant says were made had nothing to do with the making of the confession, but related to the signing of the confession after it had been typed by the stenographer. The oral confession was admissible and there was never any testimony that any threats or promises were made prior to the oral confession.

In Pressley v. State, 71 Okla. Cr. 436, 112 P. 2d 809, it is stated:

"Where the competency of a confession is challenged on the ground that, if made, it was not voluntary, its admissibility is primarily a question for the court. In the absence of the jury, the court should hear the evidence offered respecting the facts and circumstances attending such alleged confession, and the burden is on the defendant to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact. If it is held competent, and proof of the same admissible, the defendant is entitled to have the evidence in regard to the facts and circumstances under which it was made given anew to the jury, not that the jury may pass upon its competency or admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence, and the jury may disregard it if they are not satisfied that it was voluntarily made."

After the trial court in the instant case had heard the evidence pertaining to the confession, he overruled the objection interposed by the counsel for defendant. However, in conformity to the law, he again allowed the officers to be cross-examined concerning the confession which was made and correctly instructed the jury that if they should find that the statement was not voluntarily made, that they might disregard it. Neither the defend-

ant nor his wife testified before the jury, and in the defendant's testimony before the court in the absence of the jury, he made no contention that he was not guilty of the crime charged against him, but stated to the court that if he committed the crime it was because he was drunk. On his cross-examination, it was brought out that he had served seven different terms in the State Penitentiary.

In Oklahoma it is well established that:

"Prima facie any confession is admissible in evidence; and, where its admissibility is challenged by the defendant, the burden is on him to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact. Berry v. State, 4 Okla. Cr. 202, 111 P. 676, 31 L. R. A., N. S., 849; Guthery v. State, 24 Okla. Cr, 183, 216 P 948; Thornton v. State, 49 Okla. Cr. 380, 293 P. 583, 295 P. 803; Schrack v. State, 84 Okla. Cr. 260, 181 P. 2d 270."

The case of Schrack v. State, supra, was similar in many aspects to the present case. The confession in that case was attacked on the ground that it was made because of a promise by the arresting officers that if defendant would plead guilty they would recommend seven years in the penitentiary.

In the syllabus of the case the law is stated as follows [181 P. 2d 272]:

"The object with which the law admits a confession in evidence is to obtain truth. The only ground on which a confession is rejected is that the circumstances under which it is obtained have a tendency to falsehood; and therefore the object with which it is admitted, instead of being secured, is likely to be frustrated.

"Confession made to policemen will not be held inadmissible as involuntarily made where policemen prior to confession told counsel for defendant they would recommend seven years imprisonment in penitentiary if defendant plead guilty; since defendant having previously served term of imprisonment in penitentiary, was experienced in court proceedings, had advice of counsel of his own choosing before confession was made and failure of policemen to carry out promise of recommendation made to counsel was because defendant employed other attorneys and refused to enter a plea of guilty."

It is our conclusion that the trial court correctly admitted the confession in evidence against the accused.

Counsel for the defendant stated that a receipt which was identified as State's Exhibit No. 3, which was a statement signed by the defendant, acknowledging that certain money found in his apartment had been taken from the drugstore in the burglary and authorizing the officers to return it to the drugstore amounted to a confession of guilt. Counsel contend that when they objected to the admissibility of this exhibit, the court committed fundamental error in not excusing the jury and hearing the evidence as to the facts surrounding said confession in order to determine its competency before admitting it in evidence.

When Exhibit No. 3 was offered in evidence, counsel for the defendant questioned the witness and brought forth the fact that the receipt was secured by the officers at the time the confession was signed. Counsel then objected to the admissibility of the exhibit for the reason that same was obtained by the promise "as more fully set out in defendant's objection to State's Exhibit No. 2." Counsel did not indicate that he had any desire for a hearing on the competency of this alleged confession, but in making his

objection he refers back to the facts which had already been brought out in the hearing before the court upon his objection to Exhibit No. 2, which was the signed confession of the defendant. The facts and circumstances surrounding the making of that confession were already before the court, and without a request from counsel for the defendant and especially in view of the fact that his objection was based upon the evidence which had been introduced in connection with the alleged incompetency of the confession which had been given, it is apparent that the court did not err in failing to excuse the jury and having a hearing in the absence of the jury in order to determine the admissibility of this alleged writing as a question of law.

The proof shows that this defendant is a hardened and confirmed criminal. His guilt has been overwhelmingly established. His past record shows he has an utter disregard for our laws. It is his evident purpose to pillage and prowl through the property of others whenever he is not confined in a penal institution where he cannot do so. His conduct, including the seven sentences which he has served in the penitentiary, shows that he is a menace to society and it is regrettable that under the information that was filed against him, the trial court was limited in the amount of punishment that could be assessed to a term of seven years imprisonment in the State Penitentiary.

The judgment and sentence of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.