George R. NICHOLS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13616.

Court of Criminal Appeals of Oklahoma.

June 15, 1966.

Rehearing Denied Oct. 3, 1966.

Ed Shipp, Idabel, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, hereinafter referred to as defendant as he appeared in the trial court, was arrested October 11, 1963, for the crime of murder. November 15, 1963 defendant had a preliminary examination and was bound over for trial in the district court of McCurtain County. His trial commenced on June 30, 1964, and on July 3, 1964 the jury returned a verdict of guilty and assessed punishment at life imprisonment. The trial court passed judgment and sentence on July 9, 1964, thereby sentencing defendant to life imprisonment in the state penitentiary at McAlester, Oklahoma. Defendant appealed that judgment and sentence to this Court.

The facts briefly stated are: On October 11, 1963 Clyde Harrison, deputy sheriff for McCurtain County, was shot and killed on U. S. Highway 259, at a point approximately five miles south of Smithville, Oklahoma. The crime was committed in the vicinity of a place known locally as "The Narrows", where a roadside cafe and beer hall was operated by defendant's father-in-law.

The State showed by circumstantial evidence, coupled with certain direct evidence, that defendant was in that vicinity at the time the crime was committed; and proved to the satisfaction of the jury that defendant committed the crime. Defendant elected not to take the witness stand during his trial, but introduced testimony in an effort to disprove certain facts established by the prosecution.

Defendant was represented by employed counsel of his own choice at his preliminary hearing, and at his trial. The same attorney who represented him at the trial perfected his appeal to this Court. Defendant cited thirteen errors in his petition in error, but discussed those under three propositions in his brief. Those propositions will be discussed as they are presented in defendant's brief.

Defendant's first proposition is: "That the trial court committed error in overruling the motion of the defendant to abate, quash and set aside the information filed in this case, and the statutory and constitutional rights of the defendant were violated in denying the defendant the right to counsel at every stage of the proceeding."

The method and procedure for setting aside an information or indictment is prescribed by statute found in Tit. 22 Okl.St.Ann. § 494:

"To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment, or information, the defendant may file his application before any court of record in the county, setting out and alleging that he is being proceeded against in a certain court, naming it, and setting out a copy of his motion *and alleging, all under oath, that he is acting in good faith,*

and praying for an order to examine the witnesses in support thereof." (Emphasis supplied.)

This Court held in Brown v. State, 36 Okl.Cr. 293, 254 P. 113:

"Before a defendant is entitled to be heard in a proceeding to set aside an information, he must bring himself clearly within the provision of the statute. *A motion to set aside an information must be duly verified.* (Emphasis supplied.)

█ In the instant case, the motion to quash did not comply with the statute in that it was not verified, nor did it allege that defendant was in good faith. Therefore, we have no alternative but to hold that it was not properly before the court. See: Thornton v. State, 49 Okl.Cr. 380, 293 P. 583, 295 P. 803; Thornton v. State, 49 Okl.Cr. 243, 293 P. 585.

Defendant further contends he was denied his constitutional and statutory rights in that he was denied the right to confer with counsel after he was arrested; that he was arrested illegally, without a warrant; was not informed of the offense for which he was being arrested; and that he was illegally transported from McCurtain County to Choctaw County, where he was placed in the county jail.

█ The record is silent as to the reason why defendant was taken to Choctaw County, a distance of some forty-three miles, to be placed in jail. Choctaw County and McCurtain County are adjoining counties. However, this Court takes judicial notice of the fact that at the time this crime was committed the McCurtain County authorities were using the National Guard Armory in Idabel as temporary jail facilities. This was due to the fact that the McCurtain County jail facilities were structurally unsound.

█ The only testimony found in the record that defendant was denied the right to confer with counsel, is that offered by the defendant at the preliminary hearing. That testimony is contained in the extract

of the preliminary hearing record, in support of the motion to quash the information. We observe that defendant testified further at that hearing that his wife visited him in the Choctaw County jail on several occasions. We therefore conclude that defendant was not being held incommunicado. This conclusion seems to be further supported by the fact that defendant did employ counsel of his own choice to represent him at the preliminary hearing. The same attorney conducted his defense at the trial, and perfected his appeal to this Court. We are of the opinion that this contention is without merit for the reason, had defendant's counsel sought to visit defendant at the Choctaw County jail, he would have been freely granted that opportunity as was defendant's wife.

█ Insofar as defendant's being illegally arrested without a warrant is concerned, that complaint is also without merit. Tit. 22 Okl.St.Ann. § 196 provides:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

This Court held in Booze v. State, Okl. Cr., 390 P.2d 261:

"Peace officer making arrest without a warrant is not bound to show in justification a felony actually committed, but if he suspects one on his own knowledge of facts, or upon facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of a felony, the arrest is not unlawful. 22 O.S.A. § 196."

And see also Darks v. State, Okl.Cr., 273 P.2d 880.

The record also reflects the only testimony tending to indicate that defendant was not informed of the offense for which he was being arrested was that offered by defendant at the preliminary hearing. At the trial, the officers testified that they did inform defendant of the offense for which he was being arrested. Defendant did not refute this testimony at his trial. Defendant admitted at the preliminary hearing that he was provided a copy of the complaint, after he was arrested, while still in the McCurtain County Sheriff's office.

■ Defendant does not raise any specific complaint concerning his arraignment, except as is stated in his first proposition, "the statutory and constitutional rights of the defendant were violated in denying the defendant the right to counsel at every stage of the proceedings". The record is silent as to what transpired at defendant's arraignment. In such case, we will apply the rule stated in the matter of In re Blair's Petition, Okl.Cr., 344 P.2d 282, 284:

"The presumption is, in the absence of information in the record to the contrary, that the court explained to the defendant prior to his entry of plea, his constitutional right to be represented by counsel and that if he were unable to employ counsel that the State would furnish one."

■ In this matter defendant is presumed to have waived appointment of counsel, and employed one of his own choosing.

[8] Defendant was later granted bail in the amount of $20,000, which he posted with the court clerk, and was released from confinement December 13, 1963. This Court held in Benton v. State, 86 Okl.Cr. 137, 190 P.2d 168, which case is also cited by defendant in his brief:

"Where it appears on appeal that a defendant has been denied a right guaranteed by the Constitution, such showing requires a reversal, unless the record clearly shows that the right was waived, *or that no injury could have resulted to the accused by reason of such denial.*" (Emphasis added.)

This record is silent as to defendant having waived any rights. However, from what appears in the record we are unable to see how defendant might have been injured by what transpired.

Defendant's second proposition is stated: "That the defendant was denied a fair and impartial trial by the court overruling defendant's challenge for cause to a disqualified juror."

In support of this proposition, defendant complains that he was required to exercise his nine peremptory challenges, when the court refused to disqualify one juror for cause.

Defendant's complaint concerns one prospective juror, Jack Lane, who is the owner of the Ford Automobile Agency in Broken Bow, Oklahoma. On the day the crime was committed, Mr. Lane dispatched one of his employees, Willie Lewis, to tow-in an automobile reported by the sheriff's office to have been stolen and abandoned. The place where the automobile was abandoned was east of Smithville. As the result of what Willie Lewis saw and heard, he became one of the State's witnesses.

When he returned to Broken Bow, Willie Lewis discussed the situation he had encountered with his employer, Jack Lane. Because of this discussion, defendant challenged the prospective juror for cause. The court overruled defendant's challenge and it became necessary for defendant to exercise one of his peremptory challenges to remove the prospective juror. Defendant thereby contends that defendant was denied a fair and impartial trial.

We observe that defendant does not allege that the jury which heard the evidence and returned the verdict was not fair and impartial, but instead, that defendant failed to receive a fair and impartial trial, because he was required to exercise a peremptory challenge. We do not agree with defendant's contention.

In his brief, defendant quotes only one question and answer made by the prospective juror on the voir dire examination. We have carefully reviewed the entire examination of this prospective juror, and are of the opinion that this complaint is not well taken. When all of the questions and answers are considered, it is obvious that the juror was confused by the one specific question, and hence provided the erroneous answer. He clearly showed by his other answers that he was not biased or prejudiced, and that he would try the case on the evidence and testimony presented. The trial judge did not abuse his discretion when he overruled defendant's challenge for cause.

Defendant cites, in support of his position, Scribner v. State, 3 Okl.Cr. 601, 108 P. 422, 35 L.R.A.,N.S., 985. While the facts of that case are entirely different to those in the instant case, Judge Furman stated in the dictum of his concurring opinion:

"The competency of the juror is left to the discretion of the court, and the presiding judge is not bound by the answers of the juror. It is the judge and not the juror who is charged with the duty of passing upon the competency of the juror, and in the discharge of this duty the judge may have recourse to any means of information within his power. In fact he should carefully investigate every source which would be calculated to throw any light upon the competency of a juror, and if the judge is not entirely satisfied of the competency of the juror, he should be excused."

Defendant then cites Johnson v. State, 1 Okl.Cr. 321, 347, 97 P. 1059, 1070, which provides:

"The question of the competency of jurors is addressed to the sound discretion of the trial court, and, in the absence of an abuse of that discretion, it is not subject to review. In other words, while the trial court must be clearly satisfied that a juror is fair and impartial before permitting him to sit in a criminal case, yet, upon appeal to this court, it must be clearly shown that the trial court abused its discretion, before this court will review its rulings in this respect."

We are of the opinion that the trial judge did not abuse that discretion in this case.

Defendant's third proposition is: "The verdict is not sustained by the evidence; and the court erred in overruling the defendant's request for an instructed verdict of not guilty, and in giving to the jury instruction No. 8."

This Court has long adhered to the rule restated in Henley v. State, Okl. Cr., 371 P.2d 928:

"Court of Criminal Appeals will not reverse conviction on ground of insufficiency of evidence, unless court can say, after study of all evidence, that there was no substantial evidence in record on which verdict could be based."

See also Wilson v. State, Okl.Cr., 306 P.2d 717.

In considering the evidence contained in the record before this Court, as applicable to the above stated rule and defendant's third proposition, we choose first to consider defendant's complaint concerning the Court's Instruction No. 8, which recited as follows:

"You are instructed that in this case the State relies in part for a conviction upon circumstantial evidence, and in order to warrant a conviction of a crime upon circumstantial evidence, each fact necessary to the conclusion sought to be established must be proven by competent evidence beyond a reasonable doubt. All the facts necessary to the conclusion must be consistent with each other and with the main fact sought to be proved, and the circumstances all taken together must be of a conclusive nature on the whole.

"In order to warrant a conviction upon circumstantial evidence, all of the facts and circumstances must be established to

your satisfaction beyond a reasonable doubt, and must not only be consistent with the guilt of the defendant but must also be inconsistent with his innocence. It is not sufficient that the circumstances coincide with, account for, and therefore render probable, the guilt of the accused, but they must exclude to a moral certainty every other reasonable hypothesis."

We are of the opinion that this instruction was proper, and fairly stated the law. After considering all the evidence, we find that certain direct evidence was presented for the jury's consideration, along with other circumstantial evidence.

■ 22A C.J.S. Criminal Law § 530 (1) defines direct evidence as follows: "Direct evidence is that which points immediately to the question at issue, and which, if believed, proves the existence of the fact in issue without inference or presumption. It is evidence obtained by means of any one of the senses, and includes testimony by a witness of his own knowledge of the main fact or facts to be proved. *Testimony that accused admitted having committed the offense is of the nature of direct evidence of his guilt.*" (Emphasis added.)

When we consider all the evidence, we find that the State placed the defendant in the vicinity of the crime, at the time it was committed; that unusual circumstances surrounded his going to that vicinity; that he had access to the weapon alleged to have caused the deputy's death; and that he was seen leaving the vicinity of "The Narrows" soon after the crime was committed, at more than the normal rate of speed. Numerous witnesses were produced by the State to make the case against the defendant. Four of those witnesses testified that they heard the defendant admit shooting the deputy.

The defendant offered six witnesses in an effort to refute the State's case. Two of those witnesses testified that they made a special trip to "The Narrows" about the time of the trial, and could not see through the opening on the hinged side of the door, between the door and the door-jam, when the door was partly open. This testimony[1] was offered to overcome the testimony of Willie Lewis, the wrecker driver, who stated that immediately preceding the crime he saw the defendant through such an opening standing inside the building with a rifle in his hands.

The third witness was Mrs. Minerva Cook. Her testimony was offered to overcome that of her grandson and his wife. The grandson and his wife testified that they heard the defendant admit to their grandmother that he "gut-shot" the deputy. Mrs. Cook denied that such statement was made.

Defendant's fourth witness was his son-in-law. His testimony was offered to establish the fact that defendant was wearing clothing that day different from the clothing described as being worn by the killer. Phillip Howard Adams was the only eyewitness to the shooting, and testified that the killer was wearing something like khaki clothing. He was only able to describe the killer as to his build and what he was wearing.

Mr. D. J. Wiseman, who is a contractor for the Dierk's Timber Company, was the fifth witness. His testimony was offered to show that the defendant was inside "The Narrows" when he stopped to buy some beer about the time the crime was committed.

The last witness offered by the defense was that of defendant's father-in-law. His testimony was offered in an effort to explain the presence of a 30–30 rifle shell cartridge case, found on the road where the crime was committed. He stated that the rifle belonged to him, and early that morning he shot at a deer at the point where the crime was committed.

The State offered one rebuttal witness. An agent with the State Bureau of Investigation, who testified that he and another agent obtained the rifle from defendant's father-in-law about midnight on the night of October 11. When they asked if the rifle had recently been fired, he replied

that early that morning he shot at a deer, through the back door of his living quarters.

This closed the evidence and the court overruled defendant's demurrer to the evidence, and his motion for a directed verdict.

 We are of the opinion that the court properly overruled defendant's demurrer to the evidence and his motion for a directed verdict. As this Court held in Wilson v. State, Okl.Cr., 306 P.2d 717, 729:

> "In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that the accused is guilty as charged."

See also Campbell v. State, 95 Okl.Cr. 396, 247 P.2d 281, and others.

 We believe the circumstantial evidence, coupled with the direct evidence offered was sufficient basis on which the jury could reasonably conclude that the accused was guilty, as charged. For that reason, we must hold that defendant's third proposition is without merit. This Court held in Hudson v. State, Okl.Cr., 399 P.2d 296:

> "The jury is the exclusive judge of the weight of the evidence and credit to be given to the witnesses. Where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the jury's determination will not be interfered with upon the ground that the evidence is insufficient to sustain a conviction, where there is competent evidence in the record from which the jury might reasonably conclude that the. defendant is guilty."

Therefore, in this case, where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty, we refuse to substitute our judgment for that of the jury, who heard the testimony, and observed the witnesses. We are of the opinion that the evidence in this case was sufficient to sustain the jury's verdict.

Defendant also contends that the punishment assessed the defendant is excessive, harsh, and the result of passion and prejudice on the part of the jury. We observe that defendant's trial was commenced more than eight months after the crime was committed. We are of the opinion that after the passage of that length of time any passion which might have been aroused in the community would have subsided. We observe also that the punishment assessed by the jury for the crime of murder is less than the maximum provided by law.

For the reasons. herein stated, we are of the opinion that this case should be, and the same is, therefore, affirmed.

BUSSEY, P. J., concurs.

NIX, J., concurs.