**George R. NICHOLS, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–16054.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Mike Norman, Muskogee, and Boyd Tackett, Texarkana, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding on application for writ of habeas corpus in which the petitioner alleges that his conviction for murder and resulting sentence to a term of life imprisonment was obtained by the use of perjured testimony.

The petitioner was tried by jury in the District Court of McCurtain County, Oklahoma, Case No. 3835, found guilty and sentenced to life imprisonment for the crime of murder. Judgment and sentence on the conviction was imposed on July 9, 1964. A timely appeal was perfected to this Court as our Case No. A–13,616, in which the judgment and sentence was affirmed. Nichols v. State, Okl.Cr., 418 P.2d 77 (1966).

Petitioner contends that since his conviction was affirmed he has discovered that evidence in his trial was based on perjured testimony. Urging this claim petitioner initially sought a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma, Case No. 69–93, Civil. A full evidentiary hearing was granted on petitioner's allegations in the Federal Court with testimony being taken from numerous witnesses on October 24 and October 31, 1969. The substance of petitioner's evidence was that two witnesses, Jimmy Cook and his wife, Vicky Cook, testified at petitioner's trial, giving false evidence against the petitioner. At the conclusion of the hearing on petitioner's application, the United States District Court held that petitioner had not fully exhausted his state remedies before seeking federal relief and therefore declined to rule upon the merits of petitioner's application.

Petitioner is now before this Court seeking a writ of habeas corpus on the same ground and has offered as evidence in support of his claim, the transcript of the proceedings in Federal Court.

After a careful review of the transcript, the briefs, and the arguments of counsel, we are not persuaded that the evidence is sufficient to justify the granting of a writ of habeas corpus. Jimmy and Vicky Cook now testify their testimony at the petitioner's trial was false in stating petitioner admitted in their presence that he had shot the victim of the crime for which he was convicted. Without determining whether the Cooks were lying at the trial or at the evidentiary hearing, we are satisfied that their testimony at the trial was not necessary to support the conviction.

In this Court's opinion affirming the petitioner's conviction, Nichols v. State, supra, it was stated:

"When we consider all the evidence, we find that the State placed the defendant in the vicinity of the crime, at the time it was committed; that unusual circumstances surrounded his going to that vicinity; that he had access to the weapon alleged to have caused the deputy's death; and that he was seen leaving the vicinity of 'The Narrows' soon after the crime was committed, at more than the normal rate of speed. Numerous witnesses were produced by the State to make the case against the defendant. *Four of those witnesses testified that*

*they heard the defendant admit shooting the deputy.*

The defendant offered six witnesses in an effort to refute the State's case. * * *

The third witness was Mrs. Minerva Cook. Her testimony was offered to overcome that of her grandson and his wife [Jimmy Cook and Vicky Cook]. The grandson and his wife testified that they heard the defendant admit to their grandmother that he 'gut-shot' the deputy. Mrs. Cook denied that such statement was made." (emphasis added) 418 P.2d at 84.

Therefore, it appears that even at the trial the credibility and accuracy of the testimony of Jimmy and Vicky Cook was put in issue before the jury and was considered by them. Since four witnesses testified they heard the defendant admit the shooting, even the total absence of the testimony of Jimmy and Vicky Cook would not have materially affected the evidence supporting the convictions. Therefore, since their testimony was not necessary to prove the offense, and was controverted at the time of the trial by rebuttal testimony of a defense witness, and since the other evidence is abundantly sufficient to support the conviction, we find no basis for relief. It is the rule of this Court as stated in Goodwin v. Page, Okl.Cr., 444 P.2d 833 (1968):

"Where a petition for a writ of habeas corpus is filed, the burden is upon the petitioner to sustain the allegations thereof. It is only when the record and the evidence reveal that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

Accordingly, since the evidence is sufficient to support the verdict, excluding the challenged testimony herein, the conviction and judgment and sentence imposed thereon are valid and habeas corpus must be denied.

Writ denied.