## *Ex Parte Dave Myers.*

No. A-2215. Opinion Filed November 20, 1916.

(160 Pac. 939.)

FORMER "JEOPARDY"—Second Judgment. The constitutional provision, "nor shall any person be twice put in jeopardy of life or liberty for the same offense," Section 21, Bill of Rights, and the common law principle therein declared is broad enough to mean that no one can be twice lawfully punished for the same offense. Hence, when a court has pronounced a judgment and sentence upon the verdict of a jury, and such judgment has been carried into execution, the power of the court as to that offense is at an end, and the court is without jurisdiction to render a second judgment and sentence upon the same charge.

Application of Dave Myers for writ of *habeas corpus.* Petitioner discharged.

*W. F. Harn,* for petitioner.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, P. J. On March 18, 1914, there was filed in this court a petition duly verified, praying that a writ of *Habeas Corpus* issue to M. C. Binion, Sheriff of Oklahoma County.

The petition in substance avers that on the 29th day of December, 1913, in the superior court of Oklahoma County, the petitioner was sentenced in accordance with the verdict of a jury to be confined for thirty days in the county jail and to pay a fine of five hundred dollars; for the offense of "bartering, selling and otherwise furnishing intoxicating liquors," that petitioner was on that day committed and since has been confined in the county jail, and that he is now illegally imprisoned and has been unlawfully restrained of his liberty since the 28th day of January, 1914, at which time the confinement part of said sentence had been fully

executed and satisfied. That on the 16th day of March, 1914, he filed his petition for a writ of *Habeas Corpus,* in the district court of Oklahoma County, whereupon the county attorney of Oklahoma County gave oral notice that an application would be made to the superior court aforesaid to amend the judgment and sentence of said court on which said petitioner stands committed; and on said day the judge of the superior court of Oklahoma County at Chambers caused to be entered a new judgment and sentence for the offense of "keeping a place with the intention and for the purpose of violating the prohibitory law," and which judgment concludes as follows:

"It is further ordered, adjudged and decreed by the court that at the expiration of said thirty days, if the said fine of five hundred dollars and costs are not paid, that he be imprisoned until the fine and costs are satisfied, and that the said fine and costs be satisfied and liquidated by imprisonment in the county jail at the rate of one day for each two dollars of said fine and costs."

That thereupon his application for the writ was denied by the district court of Oklahoma County.

It is further averred that the judge of the superior court had no power to modify the judgment after the term of court at which the judgment was rendered had expired, and after the defendant had served the term of confinement fixed by the original judgment and sentence of the court.

To the petition the respondent interposed a demurrer.

Upon the consideration of the demurrer, it is the judgment of this court that the same should be overruled as not well taken. It appears from the petition and it is not traversed that the original judgment and sentence of imprisonment had been fully executed and satisfied before the court attempted to modify the judgment so as to include further imprisonment in case of default of the payment of the fine and costs.

The question presented has been fully considered and answered by this court in the case of *Rupert v. The State,* 9th Okla. Cr. 226, 131 Pac. 713; 45 L. R. A. (N. S.) 60. The language of that opinion is as follows:

"The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term in which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put into operation, is undeniable. Bish. New Crim. Proc. sec. 1288, and cases cited. This power is inherent in all courts of record. However, it would seem there must, in the nature of the power thus exercised by the court, be in criminal cases some limit to it. It is clear that a court cannot pass two sentences for the same offense, to be enforced at the same time. And the validity of a second judgment and sentence must be because the first judgment and sentence is legally annulled or revoked and made void.

That no person shall be twice put in jeopardy for the same offense is a universally accepted principle of the common law, and this principle has been embodied in the federal Constitution and in all state constitutions, and it is incorporated in the Constitution of the state of Oklahoma by express provision, as follows:

"Nor shall any person be twice put in jeopardy of life or liberty for the same offense." (Sec. 21, Bill of Rights.)

"Jeopardy, in its constitutional or common-law sense, has a strict application to criminal prosecutions only. The word "jeopardy," as used in the constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when put upon trial before a court of competent jurisdiction under a valid indictment, information, or complaint, and in this use it is applied only to strictly criminal prosecutions. *Stout v. State,* 36 Okla. 744, 130 Pac. 553, 45 L. R. A. (N. S.) 884.

" 'A person is not in legal jeopardy until put upon trial before a court of competent jurisdiction under an information or indictment sufficient in form and substance to sustain a conviction.' Cooley, Const. Lim. (7th Ed.) 467, and cases cited.)

"We think this provision of the Bill of Rights, and the principle therein declared, is broad enough to mean that no person can be twice lawfully punished for the same offense. The

one follows from the other, and this constitutional provision is designed and intended to protect the accused from a double punishment as much as to protect him from two trials. For this reason we think that where a judgment and sentence has been executed and satisfied that ends the prosecution, exhausts the power of the court, and terminates its jurisdiction, and the court is without power or jurisdiction to render another judgment and sentence in the case.

"The leading case upon this question is *Ex parte Lange*, 18 Wall. 163, 21 L. Ed. 872. In that case the defendant was convicted of appropriating mail bags, of the value of less than $25, the punishment for which offense, as provided by statute, was imprisonment for not more than one year or a fine of not less than $10 or more than $200. The sentence was one year's imprisonment and $200 fine. The defendant was committed in pursuance of the sentence and paid the fine the day after his commitment. On the second day after his commitment he was brought by *Habeas Corpus* before the same judge who sentenced him, who vacated the former judgment and sentenced the defendant anew to one year's imprisonment. The case came before the supreme court of the United States on *Habeas Corpus,* and the defendant was discharged, on the ground that, where a statute imposes as a punishment a fine or imprisonment, and the court has both fined and imprisoned the defendant, who thereupon pays the fine, the court has no power, even during the same term, to modify the judgment by imposing imprisonment instead of the former sentence. One of the alternative requirements of the statute having been satisfied, the power of the court as to the offense was at an end."

Our procedure criminal provides that:

"A judgment that the defendant be imprisoned and pay a fine and costs may also direct that at the end of the prison sentence he be imprisoned until the fine and costs are satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine and costs." (Sec. 5958 Rev. Laws.)

Therefore, after the execution of the thirty days sentence the defendant could not be legally held until the fine and the costs were satisfied as by law provided, for the reason that the judgment and sentence rendered against the defendant on the 29th

day of December, 1913, and set forth in the commitment on which he was being held did not direct that in default of the payment of the fine and costs that he be further confined until such fine and costs are satisfied as by law provided, and the trial court was without jurisdiction to render a second judgment and sentence upon the same charge or correct the original judgment after such judgment had been executed, as in this respect the power of the court must be exercised when the original judgment is rendered. It follows that the second judgment and sentence was illegal and void.

The petitioner having been enlarged on bail pending the determination of this cause, said bond is discharged.

ARMSTRONG and BRETT, J. J., concur.