## TOM TRACY v. STATE.

No. A-4054.    Opinion Filed July 23, 1923.
(216 Pac. 941.)

(Syllabus.)

1.    **Motion in Arrest of Judgment—Objection to Verdict or Judgment Thereon, Good as Ground for Demurrer to Information—Time for Motion.** An objection to the receiving of a verdict or rendition of judgment thereon, or to the rendition of judgment on a plea of guilty, which would have been a good ground for a demurrer to the information, may be urged by a motion in arrest of judgment. A motion in arrest of judgment must be made before the rendition and entry of the judgment.

2. **Appeal and Error—Purported Case-Made Considered as Transcript.** Where an appeal is taken to this court by petition in error and attempted case-made in a case where such an appeal is not authorized by law, the purported case-made, or portions of it, may be considered as a transcript of the record for consideration as such on appeal to this court.

3. **Judgment and Sentence—Where Penalty Suffered Court's Jurisdiction Only to Set Aside a Judgment Void on Face.** Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end, and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record.

4. **Larceny—Information—Lack of Owner's Consent Implied by Use of Word "Steal."** The word "steal" in an information implies the want of consent of the owner, and where this term is used a specific allegation that the property was taken without the consent of the owner is unnecessary.

5. **Criminal Law—Election of Prosecution Where Two Statutes Provide Different Penalties for Same Kind of Offense.** Where two statutes provide different penalties for the same class or kind of offense, the state may elect under which the prosecution may be maintained.

Appeal from District Court, Comanche County; Cham Jones, Judge.

Tom Tracy was convicted of grand larceny, and he appeals. Affirmed.

C. R. Reeves, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Tom Tracy, referred to in this opinion as the defendant, was on the 18th day of February, 1921, upon a plea of guilty to the charge of grand larceny, sentenced to imprisonment in the state reformatory at Granite for a term of two years. At the same time two others, jointly charged with the

defendant, entered pleas of guilty and received like sentences. A portion of the journal entry of judgment against the defendant is as follows:

"The above-named defendant, Tom Tracy, appeared and is present in person before the bar of said court for arraignment upon the charge contained in the information in said cause, and thereupon said information was read to said defendant, Tom Tracy, and he was asked by the court whether he is guilty or not guilty of the crime charged in said information, and thereupon the said Tom Tracy, defendant in said cause, voluntarily and in open court says he is guilty of the crime of larceny as charged in said information, and thereupon the said defendant is asked whether or not he has any just cause to show why judgment and sentence for said crime should not be pronounced against him, and, the defendant failing to show any just cause, the court accepts said defendant's plea of guilty as charged in said information and finds the defendant guilty as charged therein."

On the 16th day of May, 1921, at a subsequent term of court, before another district judge, and after the defendant had been taken to the state reformatory at Granite and had served a portion of the sentence imposed by the court, he filed a motion in the trial court to "vacate, set aside, and dismiss the defendant and hold for naught the judgment" theretofore rendered in the cause, for the following reasons: (1) That the court was without jurisdiction to pronounce the judgment; (2) that the plea of guilty made and entered by the defendant was made under duress, threats, and undue influence used and exerted upon the defendant by the county attorney and the sheriff and his deputies; (3) that the defendant was denied the right of counsel; (4) that the information did not state facts upon which a judgment of conviction could be predicated.

Upon consideration of this motion the court, on the 25th day of July, 1921, made and caused to be entered the following:

"This cause coming on to be heard on motion of the defendant, Tom Tracy, to arrest the judgment herein rendered in said cause and action, and the defendant's attorney being present in court, and the court having heard said motion and the same having been submitted with affidavits setting forth the grounds of said motion, the court is of the opinion that the same should be denied. It is therefore considered, ordered, and adjudged by the court that the motion in arrest of the judgment of this court for conviction herein rendered against the said defendant be, and the same is hereby, denied and in all things herein overruled.

"The crime of larceny, for which the defendant is convicted, being bailable, and the defendant entitled to bail upon his appeal to the Criminal Court of Appeals, the amount of his appeal bond is hereby fixed in the penal sum of $500. It is therefore ordered, adjudged, and decreed that the defendant shall have 30 days within which to file and give bond in order to stay the execution of the judgment pending the filing of the appeal to the Criminal Court of Appeals, and upon giving the bond in the time fixed by this court, approved by the clerk, execution of the judgment shall be stayed during the time fixed for the settling of the case-made, and if the case-made be settled within 30 days from this date and the appeal filed in the appellate court as required by law, then the said bond shall stay execution of the sentence during the pendency of the appeal. .

"Done in open court this 25th day of July, 1921.

"A. S. Wells, District Judge."

Upon the same day an order of discharge was addressed to the warden of the state prison at Granite, as follows:

"To the Warden of the State Prison at Granite, Okla.: Tom Tracy, the defendant, having presented his motion in arrest of judgment and the same having been overruled by this court on the 25th day of July, 1921, and said defendant giv-

ing notice of his intention to appeal, the court having fixed bond at $500, to stay said execution and sentence and judgment in the above-entitled cause, and the said Tom Tracy having given said bond in compliance with said orders of the court and notice of his intention to appeal, it is hereby ordered that upon service of a certified copy of this order, certified to by the clerk of this court, together with the said minutes overruling said motion in arrest of judgment, the conditions thereof being fully complied with by defendant and the bond having been given as ordered by said court, that the said warden discharge him from custody immediately, until further orders of this court.

"A. S. Wells, District Judge."

The motion made by the defendant cannot be, in a technical sense, a motion to set aside a void judgment, because the recitations in the judgment entry, until impeached in some manner provided by law, are conclusive, and this entry shows that the court had jurisdiction, and nothing appears on the face of the record to indicate that the judgment was void. Neither could this motion be entertained as a motion in arrest of judgment. Section 2756, Comp. Stat. 1921, defines a motion in arrest of judgment as follows:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on plea or verdict of guilty, or on a verdict against the defendant on a plea of former conviction or acquittal. It may be founded on any of the defects in the indictment or information mentioned as grounds of demurrer unless such objection has been waived by a failure to demur, and must be before or at the time the defendant is called for judgment."

The ruling on this motion was not such a judgment of final order that an appeal could be taken therefrom to this court by petition in error and case-made.

In Day v. State, 7 Okla. Cr. 276, 123 Pac. 436, it was held that when a judgment upon a conviction is rendered the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction was had, and must immediately annex together and file the following papers, which constitute a record of the action: (1) The indictment (or information) and a copy of the minutes of the plea or demurrer; (2) a copy of the minutes of the trial; (3) the charges given or refused and the indorsements as given thereon; (4) a copy of the judgment.

These constitute the record, and a cause may be taken to this court on appeal upon a transcript of the record. The attempted case-made in this case contains the things just enumerated, so that the cause may be considered as appealed upon a transcript of the record, as distinguished from an appeal by exceptions and case-made.

In the case of Hembree v. State, 15 Okla. Cr. 422, 177 Pac. 385, it was held that where an appeal in a felony case is by transcript of the record alone this court will carefully review such transcript for any reversible error properly raised by such an appeal, and this though the alleged errors presented may be such only as are required by statute to be incorporated in a bill of exceptions or case-made. See, also, Smiser v. State, 19 Okla. Cr. 86, 198 Pac. 110.

It is claimed by defendant in his affidavits in support of this motion that the defendant was apprehended in another county and brought to the county jail of Comanche county, where he was confined for a period of four days; that on the 17th day of February a warrant was issued charging him with larceny; that on the same day he was taken before a justice of the peace for a preliminary hearing; that he waived his right to have a preliminary hearing; and that he was then immedi-

ately taken to the district court, where he entered his plea of guilty and, where judgment and sentence were pronounced, as appears elsewhere herein. It is further claimed that the defendant was a young man, 18 years of age, and without counsel; that he asked for permission to consult a lawyer, but that the sheriff and county attorney gave him no opportunity to do so; that he was not advised as to his rights in the premises; that Fletcher Riley, the county attorney, advised the defendant to waive his preliminary hearing and plead guilty to the charge, telling him that if he did not plead guilty he would prosecute him vigorously and cause the punishment to be 15 years in the penitentiary.

Where there is nothing in the record to the contrary, the presumption is that the officers of the law performed their duty, and where, as in this case, there is an express declaration in the record that defendant's appearance was voluntary and that the court interrogated him as to whether or not he had any just cause to show why judgment and sentence should not be pronounced, and none was shown, we must conclude under all the circumstances that the affidavits of the defendant and his father were not sufficient to overcome these legal presumptions and the express declarations contained in the record.

This conclusion is further supported by the assumption that when this motion was presented to the successor to the trial judge who had originally pronounced judgment, the court must have inquired and did inquire concerning the alleged facts in support of this motion, and that his refusal to sustain the motion was equivalent to a finding of fact that the things alleged in the motion were not supported by sufficient testimony. This successor to the trial judge, holding court at the place where the trial occurred, was better able to ascertain

these issues of fact than is this court from an examination and consideration of the record before us.

If this was a motion in arrest of judgment it came too late, because such a motion must be filed and should be considered before rendition of judgment. Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record. Here it appears that the defendant was in the state reformatory at Granite; that the commencement of the period of sentence was February 18, 1921; and that the order made assuming to modify the sentence was entered on the 25th day of July, more than five months later. It further appears that this order was made at a subsequent term. We think the court was without jurisdiction to alter or modify the sentence, and that the order was not such a one as would authorize an appeal by petition in error and case-made.

True, this court could reverse or modify the judgment upon an appeal by transcript, but, as heretofore pointed out, the purported case-made, which may be considered as only a transcript, does not authorize a modification of the judgment in this case.

This court has held in a number of decisions, some of them recent, that the word "steal" in an information implies the want of consent of the owner, and that where this term is used a specific allegation that the property was taken without the consent of the owner is unnecessary. Underwood v. State, 23 Okla. Cr. 119, 212 Pac. 1010; Cope v. State, 23 Okla. Cr. 161, 213 Pac. 753; Roach v. State, 23 Okla. Cr. 28, 214 Pac. 563.

It is contended further that, since it was recited in the information that the property stolen was an automobile, the defendant could not be convicted of grand larceny. Our statutes provide (section 2288, Comp. Stat. 1921), and this court has held that where two statutes provide different penalties for the same class or kind of offense the state may elect under which section the prosecution may be maintained. Hays v. State, 22 Okla. Cr. 99, 210 Pac. 729.

The judgment of the trial court is affirmed.

DOYLE, J., concurs.

MATSON, P. J., absent and not participating.