## Ex parte CLAUDE PRUITT.

No. A-7238. Opinion Filed Jan. 5, 1929.
(273 Pac. 288.)

Rutherford Brett, for petitioner.

Edwin Dabney, Atty. Gen., and F. M. Dudley, Co. Atty., of Ardmore, for the State.

DOYLE, P. J. In his petition for a writ of habeas corpus Claude Pruitt alleges that he is unlawfully restrained of his liberty by Edwin C. London, sheriff of Carter county, under a commitment issued out of the district court of Oklahoma county on a judgment rendered in said court on the verdict of a jury finding him guilty of assault and battery and leaving the punishment to the court. That on the judgment of the court

rendered October 1, 1928, he was sentenced to pay a fine of $100 and to imprisonment in the county jail for 30 days. That said cause was tried on a change of venue from Carter county on an information charging him with assault with intent to kill.

Petitioner avers that his application for writ of habeas corpus before A. E. Walden, district judge of Carter county, was denied.

A certified copy of the judgment and sentence imposed by the district judge of Oklahoma county, also certified copies of the minutes of the court's records, showing said sentence as pronounced by the court, is attached to the petition.

Petitioner further avers that he has served the 30 days' imprisonment, and that he has tendered the balance of the fine unsatisfied, to wit, the sum of $64; that said tender was rejected by the court clerk.

On December 17, 1928, a rule to show cause was entered and issued.

The recital of the judgment, signed by the trial court and duly certified, is as follows; "The jury return into court and state to the court that they are not able to agree upon the penalty. Thereupon the court accepts the verdict by the jury as to the crime committed, to wit, assault and battery the same being a misdemeanor and the court assessed the punishment of the defendant at 30 days in jail and a fine of one hundred dollars."

It is agreed that said petitioner, when the rule to show cause issued, had served 67 days in jail. Pending the determination of the cause, the prisoner was released.

The judgment, as shown by the records of the court clerk, omitting title, is as follows:

"Cause comes on for judgment and sentence. Judgment and sentence of the court that you the Defendant be taken from the Bar of this Court to the County Jail of Carter County, Oklahoma for a period of 30 days and to pay a fine of $100.00."

Certified as follows:

"I, Cliff Myers, Court Clerk, within and for the State and county aforesaid, do hereby certify that the above and foregoing is a full, true, correct and complete copy of judgment and sentence in the above entitled cause as fully as the same appears of record and on file in my office.

"Witness my hand as Clerk and official seal this 5th day of December, 1928."

"[Signed] Cliff Myers, Court Clerk."

It further appears from the pleadings that a formal judgment and sentence was entered by the court after the petitioner had served the term of imprisonment imposed.

The latter judgment recites that the petitioner, having been found guilty of assault with intent to kill, is sentenced to pay a fine of $100 and to be imprisoned in the county jail for 30 days. However, we deem the variance as immaterial.

The rule is well settled that, when a court has rendered judgment and imposed sentence upon a verdict of guilty or a plea of guilty, and such judgment and sentence has been carried into execution, the power of the court as to that offense is at an end, and the court is without jurisdiction to render a second judgment and sentence upon the same. Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A. (N. S.) 60; Myers v. State,

12 Okla. Cr. 575, 160 P. 939. On these authorities the trial court was without jurisdiction to render the second judgment and sentence, or to correct the original judgment after such judgment had been executed, as in this respect the power of the court must be exercised when the original judgment is rendered.

It may be stated in passing that it is the duty of the court clerks to receive and credit any part of a fine imposed when the same is tendered.

It is the opinion of this court that, upon the pleadings and the proof in this case that the petitioner is entitled to be discharged upon the payment of the $64 balance due of the fine imposed, and upon receipt of the same by the court clerk of Carter county, in satisfaction of the balance due of the fine, the petitioner will be discharged.

EDWARDS and DAVENPORT, JJ., concur.