## W. M. (PETE) KENNEDY v. STATE.

No. A-9493. June 23, 1939.
(92 P. 2d 384.)

Stephenson & Stephenson and W. A. Ratteree, all of Okemah, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction and sentence to confinement in the state penitentiary for a term of one year and pay a fine of $50 and costs, rendered in the district court of Okfuskee county, upon a plea of guilty, entered by the defendant, W. M. (Pete) Kennedy, upon an information charging a violation of the prohibitory liquor laws, second offense.

It appears from the transcript of the proceedings in the court below that on his arraignment defendant entered a plea of not guilty. When the case came on for trial, leave of court was asked and granted to withdraw his plea of not guilty. He then entered his plea of guilty and asked that the time for judgment be passed to October 16, 1937. On said day the court considering his plea of guilty pronounced its judgment and sentence as follows:

"The prisoner, the above named, W. M. (Pete) Kennedy, defendant, being personally present in open court, and having been legally informed against for the crime of second offense-possession of intoxicating liquor, and said defendant having entered herein his plea of guilty, as charged in said information, and being asked by the court

if he had any legal cause to show why judgment and sentence should not be pronounced against him, and he having no good reason to bar thereof.

"It is therefore considered, ordered, adjudged and decreed by the Court that the said W. M. (Pete) Kennedy be confined in the state penitentiary at McAlester, in the state of Oklahoma for a term of one (1) year, for said crime by him committed, said term of sentence to begin at and from the date of his reception at said institution, that said defendant pay a fine of $50, and that said defendant pay the costs of this prosecution, taxed at $25.70."

Exceptions taken to the judgment and sentence were overruled, and thereupon the court notified the defendant of his right to appeal and the court fixed supersedeas bond in the sum of $1,000.

From the judgment the defendant appealed by filing in this court on April 16, 1938, a petition in error with a duly attested transcript of the record.

The only error assigned is that:

"The said court erred in assessing the said punishment, in that said punishment is excessive, unreasonable and unjust and was induced by bias and prejudice.

"Wherefore plaintiff in error prays that said judgment so rendered be reversed, set aside and held for naught, and be reduced to a sentence that is just, reasonable and fair."

The Code of Criminal Procedure provides (sec. 2957, Sts. 1931, 22 Okla. St. Ann. § 513):

"There are three kinds of pleas to an indictment or information. A plea of:

"First, Guilty.

"Second, Not guilty.

"Third. A former judgment of conviction or acquittal of the offense charged, which must be specially pleaded, either with or without the plea of not guilty."

Under our statute a conviction of crime may be had in three ways; either by the verdict of a jury or by findings of fact by the judge, where a jury is waived. Sec. 20, art. 7, Const., Okla. St. Ann. or by a plea of guilty. In re Opinion of the Judges, 6 Okla. Cr. 18, 115 P. 1028.

Under our statute the plea of guilty may be entered in all criminal cases, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law.

The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term at which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put in operation, is undeniable. This power is inherent in all courts of record. Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L.R.A., N. S., 60.

The defendant was represented by able counsel, who, it appears from the record, did not see fit, after judgment was rendered, to file a motion to modify the judgment on the ground that the punishment imposed was excessive.

The power to pardon, parole, reprieve, or commute is vested in the Chief Executive of the state (Const. art. 6, sec. 10), and this is the source from which relief must be obtained in such cases as this. The judicial power to modify a judgment and sentence by reducing the punishment when deemed proper in furtherance of justice, and the executive power to pardon, parole, or commute, are wholly distinct in their nature. The one is an award of justice, and the other an act of grace. Clemency is a matter of discretion and may be refused. Justice is imperative and must not be denied. In other words, the Code of Criminal Procedure makes it the duty of this court to review the record, and in a proper case, in furtherance of justice, modify the judgment by reducing the sentence so as to prevent the imposition of punishment which the evidence will not warrant. Section 3204, St. 1931, 22 Okla. St. Ann. § 1066.

322

It is well settled that before this court can modify the judgment and reduce the punishment, it must clearly appear that the court abused its judicial discretion in assessing the punishment. Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646; Harry v. State, 59 Okla. Cr. 302, 58 P. 2d 340.

Upon a careful review of the record in this case, we cannot say that the punishment imposed is excessive, and we think our duty is fully performed by an affirmance of the judgment of the trial court. It is so ordered.

BAREFOOT and DAVENPORT, JJ., concur.