## BEADIE FORD v. STATE.

No. A-10353. Feb. 28, 1945.

(156 P. 2d 633.)

Sam L. Wilhite, of Anadarko, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant entered a plea of guilty to the offense of unlawful possession of intoxicating liquor in the county court of Caddo county and was sentenced to serve 30 days in the county jail and pay a fine of $100 and costs. The defendant paid the fine and costs. Later, the defendant filed an application to withdraw the plea of guilty and enter a plea of not guilty, which was denied. After a motion for new trial was overruled, the defendant perfected an appeal to this court.

The Attorney General filed a motion to dismiss the appeal in which it is alleged that the fine and costs having been fully paid and satisfied, the trial court was without authority at law to grant a new trial or to review said action or make any order in relation to said judgment. No response was filed to said motion and no appearance was made on behalf of defendant at the time it was set for oral argument.

In the case of Tracy v. State, 24 Okla. Cr. 144, 216 P. 941, 943, it is stated:

"Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record."

In the case of Ex parte Pruitt, 41 Okla. Cr. 318, 273 P. 288, 289, it is stated:

"The rule is well settled that, when a court has rendered judgment and imposed sentence upon a verdict of guilty or a plea of guilty, and such judgment and sentence has been carried into execution, the power of the court as to that offense is at an end, and the court is without jurisdiction to render a second judgment and sentence upon

the same. Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A., N. S., 60; [Ex parte] Myers, 12 Okla. Cr. 575, 160 P. 939. On these authorities the trial court was without jurisdiction to render the second judgment and sentence, or to correct the original judgment after such judgment had been executed, as in this respect the power of the court must be exercised when the original judgment is rendered."

See, also, Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A., N. S., 60; Yoder v. State, 66 Okla. Cr. 178, 90 P. 2d 669; Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419.

In the light of the above authorities, it is apparent that at the time the defendant presented her application to withdraw her plea of guilty and enter a plea of not guilty, the trial court was without authority to grant her request for the reason that a part of said judgment had already been satisfied. The court's refusal to allow the defendant to withdraw the plea of guilty and enter a plea of not guilty under such circumstances may not be questioned on appeal.

The judgment and sentence of the county court of Caddo county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.