Ex parte JIMMIE GOFF.

No. A-10961.  May 26, 1948.

(194 P. 2d 206.)

Jimmie Goff, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondents.

BRETT, J.  This matter comes before the court on a petition for writ of error coram nobis by Jimmie Goff, pro se, wherein he contends that he was adjudged guilty of the crime of murder in the district court of Okmulgee county on the 16th day of October, 1937, and was sentenced by said court to life imprisonment in the State Penitentiary.  He complains that the judgment and sentence is excessive; that he was never informed by written statements or orally of his indictment by a grand jury sitting in Okmulgee county, Oklahoma.  He further states that all of the parties representing the State of Oklahoma in the course of his trial and thereafter were of the opinion that he should not receive a sentence greater than his accomplice in the alleged crime, Olin Anderson. In support of the latter statement he attaches thereto a letter of the county attorney of Okmulgee county, the sheriff of said county and the judge of the district court who tried him stating that in their opinion the Pardon and Parole Board would be justified in commuting his sentence to 20 years.  He further alleges that his accomplice Olin Anderson was released from the Granite Reformatory upon the expiration of his 20 years sentence.  He further says that the reason he is asking for a writ of error coram nobis is because of the fact that a writ of habeas corpus cannot be substituted for an appeal.

He sets forth a factual statement involved in his case substantially as follows, to wit:

"Petitioner was jointly convicted, at the same hearing, in the District Court of Okmulgee County, with one Olin Anderson, for commission of the same crime. However, the charge or Murder was placed against the petitioner, upon conviction of which he was sentenced to Life imprisonment. Said Anderson was sentenced on the charge of Manslaughter and * * * received a twenty (20) year sentence."

The cause of said convictions he says were as follows:

"On June 19, 1937, the aforementioned Olin Anderson and the petitioner attended an outdoor picnic a few miles east of Beggs, Oklahoma. After their arrival at the picnic, the said Anderson and the petitioner separated. Shortly thereafter Anderson approached the petitioner requesting that the petitioner take his (Anderson's) pistol, and keep it for him until the festivities were over. The petitioner complied with Anderson's wishes as Anderson assured the petitioner that trouble for him (Anderson) was brewing, and he did not wish to have the gun on his person. Later, during the course of the picnic, the petitioner approached the grandstand and upon elevating himself to the rostrum, was ordered by one of the occupants to leave. Harsh words ensued and in a fit of wrath the petitioner discharged the pistol which he was holding for Anderson. The person on whom the attack was directed was able to escape uninjured, but several innocent bystanders were injured, some fatally. The petitioner was definitely proved to be in an intoxicated state and a wholly irresponsible state at the time of the altercation. At the time that Anderson handed the pistol to the petitioner for safekeeping he likewise handed the petitioner a full, half-pint bottle of whisky. The Hon. J. Harvey Smith presided at the trial. The Hon. L. A. Wallace represented the State in his capacity as County Attorney for Okmulgee County. The Hon. Tom Payne was the defendant's counsel. Petitioner entered

a plea of Not Guilty, inasmuch as the killings were purely accidental in nature. Petitioner was committed to the Oklahoma State Penitentiary on September 29, 1937. He was paroled September 16, 1946 and his parole was revoked on August 18, 1947. His prison record is clear."

To this petition the Attorney General, appearing on behalf of the State of Oklahoma, filed a response wherein it is alleged in substance that the defendant seeks to vacate and set aside a valid judgment and sentence entered on October 16, 1947, in the district court of Okmulgee county finding the defendant guilty of murder and fixing his punishment at life imprisonment in the penitentiary. He further alleges that on July 7, 1937, an information was filed in the district court of Okmulgee county charging the defendant Olin Anderson with the murder of John Grayson on June 19, 1937, by shooting the deceased with a pistol; that on October 12, 1937, the matter came on for trial by jury after severance in which trial he was convicted and sentenced as hereinbefore set forth. From this judgment and sentence no appeal was taken.

After conviction a motion for new trial was heard and overruled by the court, and on October 16, 1937, the court proceeded to render judgment and sentence in accordance with the verdict of the jury, and on which judgment and sentence defendant has now served about nine years.

In petitions for habeas corpus and petitions for writ of error coram nobis which have been filed by inmates of state institutions, this court is very liberal in construing the same particularly where the same has been prepared without the advice and help of an attorney, as we realize there will be many cases where prisoners may have good grounds for petitioning this court for relief

but are unable to secure the assistance of an attorney because of their financial condition or otherwise; and in those instances we give every reasonable inference that we can to their petitions to see whether the same are sufficient on their face to justify a hearing upon the issues thus raised. Ex parte J. H. Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670. In its response the state sets forth that in Anderson v. State, 76 Okla. Cr. 260, 137 P. 2d 254, involving the appeal of Olin Anderson from his separate trial and conviction, "in the body of the opinion at page 268, of 76 Okla. Cr., at page 258 of 137 P. 2d we note this comment:

'At the time of his trial he (Goff) took the witness stand and testified that he did not do any shooting on that night, but that the defendant Olin Anderson had the gun and did the shooting. At the present trial he took the witness stand and admitted that he had the gun and did the shooting, and that the defendant Olin Anderson did not fire a shot.' "

Further the respondent says that the facts stated in his petition are not sufficient to entitle the petitioner to the relief prayed for. The Attorney General seems to be of the impression that while the petition is labeled for writ of coram nobis, it was the intention of the petitioner to seek relief by writ of habeas corpus. If it was intended as an application for a writ of habeas corpus the same will not lie for the reason, as was said in Ex parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838, in paragraph 3 of the syllabus:

"Where facts stated in a petition for a writ of habeas corpus, if established, will not warrant the discharge of the petitioner, the writ will be denied."

Moreover, the writ of habeas corpus is limited to cases in which the judgment and sentence of the court attacked are clearly void. Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670. Further, in Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840, 842:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment."

Moreover, as was said in Ex parte Story, 86 Okla. Cr. 20, 184 P. 2d 983:

"In a habeas corpus proceeding, only jurisdictional questions may be considered, and the writ cannot be invoked to review the action of courts of records, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

Considering this matter on the basis of a petition for a writ of habeas corpus, petitioner has wholly failed to allege facts to bring him within the foregoing rule by raising any jurisdictional questions supported by the record. It is not denied by the petitioner that the court had jurisdiction of his person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence rendered. The questions raised by this proceeding are all matters that might have been raised on appeal. Therefore, when viewed as a petition for habeas corpus, relief thereby must be denied.

Furthermore, where there is no question to the jurisdiction of the court and where the judgment and sentence has been rendered and the defendant has suffered

the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record Burford, Warden, v. Sullivan et al., 86 Okla. Cr. 364, 193 P. 2d 594; In re Gable, 73 Okla. Cr. 155, 118 P. 2d 1035; Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A., N. S., 60; Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419; Yoder v. State, 66 Okla. Cr. 178, 90 P. 2d 669; Ex parte Pruitt, 41 Okla. Cr. 318, 273 P. 288; Tracy v. State, 24 Okla. Cr. 144, 216 P. 941. The petitioner herein has now served approximately nine years of the sentence imposed upon him on the 16th day of October, 1937. The day petitioner began the service of the penalty pronounced in the judgment herein involved, the authority of the trial court was at an end, and said court was without jurisdiction to vacate, modify, suspend or otherwise alter the judgment except as provided by statute, Title 22, O. S. A. § 952, reading in part as follows:

"Seventh. When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, or when it can be shown that the grand jury was not drawn summoned or impaneled as provided by law, and that the facts in relation thereto were unknown to the defendant or his attorney until after the trial jury in the case was sworn and were not of record. * * *"

From the allegations of the petition it is apparent that the petitioner presents no such situation for our consideration grounded upon facts in the nature of newly discovered evidence not passed on by the court.

Next considering the case upon the basis of a petition for writ of error coram nobis, none of the facts alleged bring the petitioner within the rule announced in Burford, Warden, v. Sullivan, supra, as follows, to wit:

"5. The functions of a writ of error coram nobis are limited to an error of fact for which the statutes provide no other remedy, which fact did not appear of record or is unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, or unless he was prevented from so presenting them under duress, force, or other sufficient cause. * * *

"8. A writ of error coram nobis does not lie to correct any error in the judgment of the court, nor to contradict or to put in issue any fact directly passed upon and confirmed by the judgment itself, nor to review and revise the court's opinions but only enables the court to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court."

The petitioner herein has wholly failed by the allegations of his petition to bring himself within the foregoing rule by alleging the elemental facts necessary to entitle one to relief on such basis. The writ must be and the same is hereby denied.

BAREFOOT, P. J., and JONES, J., concur.