Earl Leonard SCROGGINS, Jr.,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12165.

Criminal Court of Appeals of Oklahoma.

July 6, 1955.

Rehearing Denied Sept. 14, 1955.

Lockwood Jones (of Jones & Wesner), Cordell, Charles M. Wilson (of Rizley & Wilson), Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Earl Leonard Scroggins, Jr., defendant below, was charged by information in the County Court of Washita County, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor, T. 47 O.S. 1951 § 93, allegedly committed on December 2, 1954, on Public Highway No. 6, in a 1952 Ford Coach, in the vicinity of Foss Junction in said County and State. To said charge, the defendant entered a plea of guilty; his punishment was fixed at $100 fine and costs; judgment and sentence was entered accordingly. This appeal was lodged herein on the action of the trial court in overruling the motion to vacate and set aside the judgment and sentence, and to grant the defendant leave to withdraw his plea of guilty, and enter a plea of not guilty.

It appears that the defendant was arrested on the night of December 2, 1954, and incarcerated in the Washita County Jail. Defendant Scroggins, a resident of Elk City, was thirty years of age and a married man. The record discloses that he had some physical disability by reason of poliomyelitis, which he sustained at the age of seven. An attempt was made to make it appear he had been subject to the domination of his mother since that time. His mother was a resident of Sayre, Oklahoma, and she received word that her son was in jail and, early on the morning of December 3, 1954, shortly after 6:00 o'clock A.M., she arrived in Cordell, Oklahoma, in company with the defendant's wife. She contacted her son at the jail at about 8:00 o'clock A.M., and shortly thereafter, he was brought from the jail before the County Judge, and indicated he wanted to enter a plea of guilty to the charge of drunk driving; whereupon, the record discloses, the Judge read the Information to him and asked him if he knew what he was charged with, to which he responded, "Drunk driving". Thereupon, the Judge informed him that he did not have to enter a plea of guilty at that time, and that he had twenty-four hours to think the matter over and to consult a lawyer and to decide his course of action; he also told him he was entitled to

make bond. The record shows he hesitated and did not know exactly what to do, and the court tried to make plain to him what his constitutional and statutory rights were. The boy's mother was present in the court room, and the court informed her that he was not trying to get the boy to plead guilty, or not guilty, but that he was informing him of his constitutional rights. Inquiry was made how much the fine would be if he plead guilty; the court told him it would be $100, ordinarily, and approximately $20 costs. The trial judge also informed him that if he entered a plea of guilty and was adjudged guilty on said plea, he would have to surrender his driver's license because the law made it the duty of the court to pick up the driver's license. The court further informed him if he did not plead guilty he would get a jury trial the latter part of December. The defendant still hesitated and the judge told him to go back and talk it over with his mother and his wife. The defendant did go back and talk with his mother and his wife. After awhile he came back to the bench and entered his plea of guilty; was sentenced to a fine of $100 and costs, and the court took custody of his driver's license; whereupon, they immediately retired to the court clerk's office and paid the fine of $100 and the court costs, in the sum of $18, and received a receipt therefor.

Shortly thereafter, they left the court house and were proceeding on their way home, westward out of Cordell, when Mr. Charles Wilson, an attorney of Sayre, stopped them. It appears from the record that another attorney, Mr. H. C. Ivester, of Sayre, had called Jones and Wesner, Attorneys at Cordell, relative to making bond for the defendant the night before. Mr. Wilson likewise called said lawyers and advised them before he came to Cordell that he had been employed to represent the defendant, by the defendant's father. About four hours after the satisfaction of the judgment and sentence, the Honorable Lockwood Jones and Honorable Charles Wilson appeared before the County Judge with a motion to vacate the judgment and sentence and to withdraw the plea of guilty and enter a plea of not guilty. The trial judge overruled said motion for the reason that the judgment and sentence had been fully and completely satisfied and he was without jurisdiction to entertain the same.

The defendant contends that the trial judge erred in denying jurisdiction and in overruling his motion to vacate and set aside the judgment and sentence, and to grant the defendant leave to withdraw his plea of guilty and to enter a plea of not guilty.

■ The State of Oklahoma urges that the lower court was without jurisdiction to entertain the said motion to vacate the judgment and sentence and to grant leave to withdraw the plea of guilty and to enter a plea of not guilty, and further contends that the judgment and sentence having been satisfied, any question in relation thereto, is now moot. In this connection, in Rupert v. State, 9 Okl.Cr. 226, 131 P. 713, 714, 45 L. R.A.,N.S., 60, it was held:

"* * * we think that where a judgment and sentence has been executed and satisfied that ends the prosecution, exhausts the power of the court, and terminates its jurisdiction, and the court is without power or jurisdiction to render another judgment and sentence in the case.

"The leading case upon this question is Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872."

In Tracy v. State, 24 Okl.Cr. 144, 216 P. 941, 943, the rule was again stated:

"Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record."

See also Ford v. State, 80 Okl.Cr. 37, 39, 156 P.2d 633, wherein the defendant, Beadie Ford, was convicted of unlawful possession of intoxicating liquor. She was sentenced to serve thirty days in the County Jail and to pay a fine of $100 and costs. She paid the fine and the court costs and

thereafter filed an application to withdraw the plea of guilty and enter a plea of not guilty, which was denied. After a motion for new trial was overruled, the defendant effected an appeal to this court. Therein, this court, in quoting from Ex parte Pruitt, 41 Okl.Cr. 318, 273 P. 288, quoted the rule as follows:

" 'The rule is well settled that, when a court has rendered judgment and imposed sentence upon a verdict of guilty or a plea of guilty, and such judgment and sentence has been carried into execution, the power of the court as to that offense is at an end, and the court is without jurisdiction to render a second judgment and sentence upon the same. Rupert v. State, 9 Okl. Cr. 226, 131 P. 713, 45 L.R.A.,N.S., 60; (Ex parte) Myers, 12 Okl.Cr. 575, 160 P. 939. On these authorities the trial court was without jurisdiction to render the second judgment and sentence, or to correct the original judgment after such judgment had been executed, as in this respect the power of the court must be exercised when the original judgment is rendered.' "

Then Judge Jones, who wrote the opinion in the Beadie Ford case, said:

"In the light of the above authorities, it is apparent that at the time the defendant presented her application to withdraw her plea of guilty and enter a plea of not guilty the trial court was without authority to grant her request for the reason that a part of said judgment had already been satisfied. The court's refusal to allow the defendant to withdraw the plea of guilty and enter a plea of not guilty under such circumstances may not be questioned on appeal."

See also in this connection, Ex parte Goff, 87 Okl.Cr. 33, 194 P.2d 206, 207, wherein it was likewise held:

"Where the judgment and sentence has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record."

The record, as hereinbefore set forth, indicates the defendant was a married man, thirty years of age. In addition thereto, the record discloses he was a graduate of High School and had had two years of College training. Therefore, in view of the fact that he had the aid of consultation of both his mother and his wife, and was thoroughly advised by the trial court as to his constitutional and statutory rights, we cannot say that the plea of guilty was rendered through inadvertence, or through ignorance, influence, or without deliberation.

Hence, we cannot say that there is any defense which should be presented to the jury. We do not believe that the defendant has sustained the burden incumbent upon him to sustain in his complaint that the trial court erred in refusing to sustain his motion to vacate and set aside the judgment and sentence and to grant him leave to withdraw his plea of guilty and enter in lieu thereof, a plea of not guilty. See Powell v. State, 94 Okl.Cr. 1, 229 P.2d 230, 231, cited by the defendant, wherein the rule was announced as follows, to-wit:

"Where the defendant seeks to withdraw his plea of guilty and substitute therefor a plea of not guilty, the burden is upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, and that there is a defense that should be presented to the jury."

In consideration of the foregoing, we are therefore of the opinion that the trial court followed the law in refusing to vacate and set aside the judgment and sentence which had been fully and completely satisfied. Hence, for all of the reasons hereinbefore set forth, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.