**Matter of the Petition of Leonard BLAIR, alias Chester Brown, for Writ of Error, Coram Nobis.**

**No. A–12789.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1959.

Leonard Blair, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondents.

POWELL, Presiding Judge.

Leonard Blair, No. 33959, alias Chester Brown, is presently confined in Clinton Prison, Dannemora, New York. Prior to conviction in New York, he served two prison sentences in Oklahoma. The one complained of in this case was by reason of a plea of guilty entered in the district court of Pottawatomie County, Oklahoma, on September 29, 1934, to a charge of robbery with firearms, and where he was sentenced to twenty years confinement in the State Penitentiary at McAlester. The sentence has been served and satisfied. It appears that the length of the term

petitioner may be required to serve in New York will depend upon whether or not the judgment entered by the district court of Pottawatomie County, Oklahoma, was void, even though the Oklahoma sentence has been satisfied. That is the contention of petitioner.

Petitioner to test his theory that the sentence he served in Oklahoma was by reason of a void judgment, filed in the district court of Pottawatomie County, Oklahoma, a petition for writ of error coram nobis, alleging that the judgment and sentence entered by the district court of Pottawatomie County was void by reason of the fact that the district court, prior to his entry of a plea of guilty, failed to advise him of his constitutional right to consult with and be represented by counsel, and to advise him that if he was unable to employ counsel the State would provide counsel. Art. 2, § 20, Okl. Const. And it is alleged that by reason of this void judgment, though satisfied, it has been used by the State of New York as basis to inflict further punishment and jeopardize petitioner's liberty by imposing sentence as a prior felony offender under a provision of the Penal Law of New York State.

It is further alleged by petitioner:

"The question herein posed is not the defendant's guilt or innocence, but only of the fact that the defendant was not advised by the court of his right to counsel, nor was he at any time represented by counsel."

The district court of Pottawatomie County set the petition for writ of error coram nobis down for hearing. It was impossible for the petitioner to be present, of course, but he asked that the case be decided upon the record. The judgment entered in his original case, among other things, states:

"Now on this 29 day of September, 1934, the defendant Leonard Blair being present in open court in his own proper person and having been legally charged and arraigned and having

plead guilty to the offense of Robbery with firearms committed in said County of Pottawatomie, State of Oklahoma, the defendant now appearing at the time appointed by the Court for pronouncing judgment, and being informed by the Court of the nature of the charge against him and his plea thereto, and being asked by the Court whether he had any legal cause to show why judgment and sentence should not be pronounced against him, giving no good reason why judgment and sentence should not be pronounced against him, and none appearing to the Court, the Court does hereby adjudge the said defendant guilty of the offense charged in the information.

"It is therefore considered, ordered, adjudged and decreed by the said Court that you, the said Leonard Blair, are guilty of Robbery with firearms, and that you be committed to be imprisoned in the State Penitentiary at McAlester, State of Oklahoma, and confined in said penitentiary for the term of (20) Twenty Years at hard labor for said offense of Robbery with firearms said term of sentence to begin at and from date of incarceration, and that said defendant pay the costs of this prosecution * * *; thereupon the Court notified the defendant of his right of appeal * * *."

█ The judge signing the judgment is now deceased. The presumption is, in the absence of information in the record to the contrary, that the court explained to the defendant prior to his entry of plea, his constitutional right to be represented by counsel and that if he were unable to employ counsel that the State would furnish one. He apparently waived counsel.

Appeal to this Court from the order of the district court of Pottawatomie County denying the writ of error coram nobis has been perfected at State expense.

The question arises as to whether the district court of Pottawatomie County had jurisdiction to set aside a judgment and sentence that had been served and satisfied.

█ In the recent case of Browning v. State, Okl.Cr., 337 P.2d 755, 756, this Court said:

"Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment, the judgment is at an end and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment except to set aside a judgment void on its face as shown by the record."

See also Tracy v. State, 24 Okl.Cr. 144, 145, 216 P. 941; Ford v. State, 80 Okl. Cr. 37, 156 P.2d 633; Ex parte Pruitt, 41 Okl.Cr. 318, 273 P. 288, 289, and cases cited; Hall v. State, Okl.Cr., 306 P.2d 361.

█ The judgment in question is not void on its face.

█ The petitioner, while serving his sentence, could have raised the question now attempted, by petition for writ of habeas corpus (for the office of a writ of habeas corpus is not to determine the guilt or innocence of the prisoner, but the issue it presents is whether he is restrained of his liberty by due process of law 12 O.S.A. § 1342; Ex parte Wood, 71 Okl.Cr. 200, 110 P.2d 304) in the district court of Pottawatomie County, or the district court of Pittsburg County where the penitentiary is located, and failing there, could have filed an original action in this Court, and where the record would be silent as to petitioner being advised of his constitutional right to be represented by counsel, etc., evidence from the court officials, the county attorney, the court reporter and others who might have been present could have been heard. But even though a person may still be serving a sentence he can lose his right to successfully seek to overthrow the judgment and sentence on grounds as here, by laches. See Ex parte Cole, 89 Okl.Cr. 380, 208 P.2d 193, where trial had occurred sixteen years previously, and where it was held that prisoner's right to relief by habeas

corpus because of alleged absence of representation by counsel and failure to understand nature of proceedings was lost by laches. See also Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840, certiorari denied 333 U.S. 858, 68 S.Ct. 728, 92 L. Ed. 1138; Ex parte Motley, 86 Okl.Cr. 401, 193 P.2d 613; Ex parte Ray, 87 Okl. Cr. 436, 198 P.2d 756; Ex parte Owens, 88 Okl.Cr. 346, 203 P.2d 447; Ex parte Hall, 91 Okl.Cr. 11, 215 P.2d 587.

We note that the petition of petitioner was subject to demurrer. We have said that a writ of error coram nobis will not be granted except where it clearly appears that the petitioner had a valid defense in the facts of the case. Hendricks v. State, Okl.Cr., 297 P.2d 576; Hurt v. State, Okl.Cr., 312 P.2d 169; and see treatise on Coram Nobis by Eli Frank, published by Newkirk Associates, Inc., Albany, N. Y. The function of a writ of error coram nobis is to obtain the setting aside of judgment and granting of a new trial. Here that has been foreclosed by the serving of sentence by authority of a judgment and sentence regular on its face.

Writ denied.

NIX and BRETT, JJ., concur.