**In the Matter of the Application of Luther ANDERSON, for Writ of Habeas Corpus or Mandamus, Petitioner.**

**No. H–90–765.**

Court of Criminal Appeals of Oklahoma.

Dec. 19, 1990.

ORDER REINSTATING SENTENCE
AND GRANTING WRIT OF
MANDAMUS

The Petitioner, by and through his attorney of record, has filed a petition with this Court seeking a writ of habeas corpus or mandamus in Case No. CRF–90–49 in the District Court of Sequoyah County. The State of Oklahoma has also applied for an appeal out of time from the District Court's December 1, 1989, order granting Petitioner's application for post-conviction relief in Case No. CRF–74–69. Following is a recitation of the pertinent facts of those Cases.

July 3, 1974—Information filed in CRF–74–69 charging the Petitioner with First Degree Murder for the July 2, 1974, murders of George Armstrong; Clarence Eugene Duty; Bob Hewitt and Jessie Hewitt.

July 3, 1974—Petitioner is arraigned on these charges and enters a plea of not guilty.

July 22, 1974—An "Amended Information" is filed charging the Petitioner with First Degree Murder for the July 2, 1974, murders of George Armstrong; Clarence Eugene Duty; Robert Hewitt; Jessie Hewitt and Frank "Sonny" Mitchell.

October 24, 1974—Petitioner filed a Motion for Preliminary Hearing.

December 5, 1974—"Second Amended Information" is filed charging the Petitioner with Murder in the First Degree of Clarence Eugene Duty "[w]hile being then and there engaged in attempting to rape one Dovie Duty." Charges for the murders of George Armstrong, Robert Hewitt, Jessie Hewitt, and Frank "Sonny" Mitchell were omitted from this second amended information.

December 11, 1974—Preliminary Hearing was held at which Petitioner bound over for trial for the murder of Clarence Eugene Duty.

December 18, 1974—Petitioner arraigned in District Court on the charge of Murder in the First Degree of Clarence Eugene Duty.

January 21, 1975—Petitioner tried and found guilty by jury in Case No. CRF–74–69 of Murder in the Second Degree of Clarence Eugene Duty and was given the mandatory sentence of from 10

years to life pursuant to 21 O.S.Supp. 1974, § 701.4.

June 21, 1976—Conviction upheld. *Anderson v. State,* 551 P.2d 1155 (Okl. Cr.1976).

December 1, 1989—Sequoyah County District Court, citing authority that 10 year to life sentences imposed pursuant to 57 O.S.1971, § 353 are impermissible, granted Petitioner's application for post-conviction relief and modified Petitioner's sentence in Case No. CRF–74–69 to a term that required Petitioner's release.

February 23, 1990—Information was filed in Case No. CRF–90–49 charging Petitioner with Murder in the First Degree of George Armstrong, Robert Hewitt, Jessie Hewitt and Frank "Sonny" Mitchell.

June 8, 1990—The Special Magistrate of the District Court sustained Petitioner's Motion to Quash the Information in CRF–90–49 and ruled that the proper procedure was to revive the Amended Information in Case No. CRF–74–69.

June 27, 1990—The Honorable Franklin D. Rahhal, District Judge, sustained the State's appeal of the Special Magistrate's ruling of June 8, 1990, and ordered reinstatement of the Information in Case No. CRF–90–49.

August 15, 1990—Magistrate conducts preliminary hearing in Case No. CRF–90–49. Petitioner's demurrer to the Information with respect to the deaths of George Armstrong and Frank "Sonny" Mitchell is sustained. Petitioner is bound over to stand trial for the deaths of Robert Hewitt and Jessie Hewitt.

This Court declined to summarily grant the relief prayed for in the petition for writ of habeas corpus or mandamus but directed that responses be filed by the District Court, the District Attorney for Sequoyah County, and the Attorney General. This Court also directed that responses be filed by all parties concerning the District Court's modification of Petitioner's sentence in Case No. CRF–74–69 on December 1, 1989. After considering the briefs and oral arguments presented by the parties and being fully advised, we find that the District Court was without jurisdiction to modify Petitioner's sentence in Case No. CRF–74–69 and that said sentence should be reinstated and the Petitioner recommitted thereunder. We also find that Petitioner's right to due process of law would be violated if he were prosecuted for the sixteen (16) year old murders of George Armstrong, Robert Hewitt, Jessie Hewitt and Frank "Sonny" Mitchell and that such charges should be dismissed with prejudice.

▮ Both the Petitioner and the State acknowledge that the District Court was incorrect in modifying Petitioner's sentence in Case No. CRF–74–69 on December 1, 1989. The authority cited by the District Court holds that 10 year to life sentences imposed pursuant to 57 O.S.1971, § 353 are impermissible. Petitioner's sentence was imposed pursuant to 21 O.S.Supp.1973, § 701.4, which *required* an indeterminate sentence of not less than ten (10) years nor more than life. Such sentencing was mandatory and constitutional. *Riggs v. Branch,* 554 P.2d 823, 829–30 (Okl.Cr. 1976). The State requests this Court to grant it an appeal out of time to contest the District Court's ruling. The applicable standard for granting an appeal out of time is whether the party seeking the appeal failed to appeal through no fault of its own. *See Smith v. State,* 611 P.2d 276, 277 (Okl. Cr.1980). The State has given us no reason why it was not at fault in failing to appeal the District Court's ruling.

▮ We have considered other theories, not presented or argued by the parties, concerning the validity of the District Court's modification of Petitioner's sentence. We first considered a proposition of law that has developed in Oklahoma, to-wit:

"Where judgment has been rendered and penalty suffered in whole, or some substantial part, jurisdiction of the court rendering the judgment is at an end except to set aside a judgment void on its face as shown by the record." *See Scroggins v. State,* 287 P.2d 217, 219–20 (Okl.Cr.1955).

However, after thorough research of the development of that proposition, we found that such development was based upon the double jeopardy clause of the Fifth Amendment which protects a defendant from being prosecuted twice for the same offense. Numerous cases in Oklahoma have correctly cited the proposition to preclude a court from prosecuting or sentencing a defendant twice for the same crime. *See e.g. Ex parte Pruitt*, 41 Okl.Cr. 318, 273 P. 288, 289 (1929); *Rupert v. State*, 9 Okl.Cr. 226, 131 P. 713, 714 (1913). However, the proposition has also been used to preclude a defendant from challenging his judgment and sentence. We find that such use of the proposition constitutes using the double jeopardy clause as a sword against a defendant rather than as the shield it was meant to be. We therefore expressly overrule the following cases to the extent each has used the above-quoted proposition of law to preclude a defendant from challenging his judgment and sentence. *Browning v. State*, 337 P.2d 755, 756 (Okl.Cr.1959); *Scroggins v. State*, 287 P.2d 217, 219–20 (Okl.Cr.1955); *Ex parte Goff*, 87 Okl.Cr. 33, 194 P.2d 206, 207 (1948); *Ford v. State*, 80 Okl.Cr. 37, 156 P.2d 633, 633–34 (1945). We also refuse to use such authority to hold that the District Court was without jurisdiction to modify Petitioner's sentence in CRF–74–69.

■ Because we reject the proposition above does not mean that we find that the District Court had jurisdiction to modify Petitioner's sentence. Generally, a trial court's jurisdiction is based upon jurisdiction of the parties and jurisdiction of the general subject matter. *See e.g., Scobie v. State*, 397 P.2d 520, 521 (Okl.Cr.1964). The effect of the District Court's order was to discharge an offender who was under lawful sentence. Such power to discharge rests exclusively with the Governor of the State of Oklahoma. Const.Art. 6, § 10; *Ex parte McClure*, 6 Okl.Cr. 241, 118 P. 591, 592 (1911); *see also Swart v. State*, 720 P.2d 1265, 1270 (Okl.Cr.1986). As acknowledged by both parties, Petitioner was under lawful sentence in Case No. CRF–74–69. Moreover, a trial court only has jurisdiction to modify sentences in furtherance of justice or upon lawful grounds. *Kennedy v. State*, 66 Okl.Cr. 318, 92 P.2d 384, 385 (1939); *Ex parte Eley*, 9 Okl.Cr. 76, 130 P. 821, 823 (1913). Petitioner was not entitled to have his sentence modified and the District Court had no lawful grounds upon which to do so. Therefore, the District Court was without power, and thus without jurisdiction, to modify Petitioner's sentence when the sentence he was serving was the *only* sentence authorized by statute. We therefore reinstate said sentence and direct the District Court to recommit Petitioner thereon.

■ Petitioner's petition seeking a writ of habeas corpus and/or mandamus contends that his right to a speedy trial for the murders of George Armstrong, Robert Hewitt, Jessie Hewitt and Frank "Sonny" Mitchell has been denied and that he is entitled to dismissal of those charges. We decline to decide the matter based upon a right to speedy trial analysis. We simply find that the State has admitted that it has developed no new evidence in the case since 1974–75, that it has known the whereabouts of Petitioner since his 1974 arrest for the murders and that there is no valid reason for the State's failure to timely prosecute Petitioner on the other murder charges. Based on the foregoing, and even though there is no statute of limitations for prosecuting murders, we hold that Petitioner will be denied due process of law if he is prosecuted for the murders of George Armstrong, Robert Hewitt, Jessie Hewitt and Frank "Sonny" Mitchell.

IT IS THEREFORE THE ORDER OF THIS COURT that the District Court of Sequoyah County is hereby directed to recommit Petitioner to the Oklahoma Department of Corrections on his ten (10) year to life sentence in Case No. CRF–74–69.

IT IS FURTHER THE ORDER OF THIS COURT that all charges against Petitioner for the murders of George Armstrong, Robert Hewitt, Jessie Hewitt and Frank "Sonny" Mitchell should be, and the same are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS,
Presiding Judge
/s/ James F. Lane
JAMES F. LANE,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge