**Arley C. BROWNING, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. A–12601.

Court of Criminal Appeals of Oklahoma.

April 1, 1959.

**756**

Arley C. Browning, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for appellee.

PER CURIAM.

In the instant case the appellant is attempting to appeal from an order of the District Court of Pawnee County, Oklahoma. It appears that appellant had filed what he refers to as a writ of coram nobis. In this court he refers to his pleadings as a writ of habeas corpus to review an order of the District Court sustaining a demurrer to the writ of coram nobis. The record before us reveals that defendant was charged by information filed in the county court of Pawnee County with the crime of robbery with firearms. He was later arraigned in district court and entered a plea of not guilty. Later the appellant changed his plea and entered a plea of guilty and was sentenced to ten (10) years in the state penitentiary at McAlester. The appellant served his term and with good time was released on May 20, 1955. Appellant as far as the court knows is now at liberty.

Some time later the appellant filed an application for writ of error coram nobis. On January 10, 1958 the trial court sustained a demurrer to the petition and the petitioner lodges in this court an attempted appeal from the order sustaining the demurrer.

The attorney general has filed a motion to dismiss the purported appeal upon the grounds that the judgment and sentence of the court has long since been satisfied, the judgment is at an end, and the court was without jurisdiction to modify, suspend, or otherwise alter the judgment. He cites in support thereof the case of Tracy v. State, 24 Okl.Cr. 144, 145, 216 P. 941. This contention was also supported in the case of Hall v. State, Okl. Cr.1957, 306 P.2d 361, 362, an Oklahoma case wherein the court said:

"Satisfaction of the judgment and sentence in a criminal case puts an end to the court's power over the criminal judgment."

Likewise in the instant case the defendant has served his time, satisfied the judgment and sentence of the trial court and the case is at an end. The trial court was without jurisdiction to grant relief after the judgment had been satisfied.

The motion to dismiss is hereby sustained.