Albert F. ECKERT, No. 15,362, Petitioner,

v.

Hon. Don BARNES, Judge of Superior Court of Okmulgee County, Oklahoma; and Hon. Mac Q. Williamson, Attorney General of State of Oklahoma, Respondents.

No. A–12842.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1960.

Albert F. Eckert, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondents.

POWELL, Presiding Judge.

Albert F. Eckert, No. 15362 has filed in this Court his petition for a writ of error coram nobis, alleging that he is presently incarcerated in Attica State Prison at Attica, New York, pursuant to a judgment of imprisonment emanating out of the County Court of Livingston County, Genesco, New York, dated May 10, 1949 for a term of from six to fifteen years as a second felony offender; the first offense originating in the State of Oklahoma on November 9, 1937 in the Superior Court of Okmulgee County.

It is claimed that the Oklahoma judgment was and is void, though the sentence of petitioner was suspended by the Superior Court of Okmulgee County, Oklahoma on good behavior, and has long since expired and been satisfied.

It is alleged that the conviction for burglary in Oklahoma in 1937 is being used as a basis for increased punishment by the State of New York, and as a result petitioner is now serving an additional five years as a second felony offender, under the New York state multiple offender law.

In effort to have his Oklahoma conviction declared void and thus escape the completion of his extra five year sentence in New York, petitioner first filed in the

Superior Court of Okmulgee County, Oklahoma, on August 24, 1959, a petition for writ of error coram nobis. This was proper procedure. Hendricks v. State, Okl.Cr., 297 P.2d 576; Hurt v. State, Okl.Cr., 312 P.2d 169. But the petition was denied by the Superior Court of Okmulgee County, and appeal has been perfected to this Court.

■ We have before us a transcript of the proceedings in the Superior Court of Okmulgee County covering petitioner's contention in that court.

This record fails to show that petitioner, a 19 year old minor at the time, was assigned counsel to advise with him. There is presently no evidence before us to show that petitioner's constitutional rights were explained to him. The defects alleged should have been presented by appeal. The purpose of a writ of error coram nobis is to secure a new trial.[1] As a practical matter if the writ were granted, there would be the question of whether New York would release petitioner to Okmulgee County for a new trial. Then there would be the question of payment of expenses of removal. The whole proceeding, if favorable, could be futile.

But the petition should have been presented to the Superior Court of Okmulgee County prior to the expiration of the sentence imposed. If petitioner could have sustained his allegations of the violation of his constitutional rights no doubt that court would have set aside the judgment and granted a new trial. If not, on appeal here, this Court would have done so. The assumption, under the circumstances, is that petitioner, from the facts that he knew concerning the merits of the charge against him, was doubtful that he could have prevailed, and was happy to have his sentence suspended. But now, over twenty years later, time has wrought changes: witnesses may have moved away, memories may have dimmed, different officials are in charge, and some with knowledge of the true facts may have passed on.

■■ In the case of Browning v. State, Okl.Cr.1959, 337 P.2d 755, 756, this Court said:

"Where judgment has been rendered and the defendant has suffered the penalty pronounced in the judgment, the judgment is at an end and the trial court is without jurisdiction to modify, suspend, or otherwise alter the judgment except to set aside a judgment void on its face as shown by the record."

It is true that petitioner's sentence was suspended. Nevertheless he was subject to incarceration at any time before the expiration of his sentence if it had been brought to the attention of the sentencing court that the terms under which the suspension of sentence had been granted had been violated.

We recently had before us a case very similar to the within. See: Petition of Blair, Okl.Cr., 344 P.2d 282.

■ We have said that a writ of error coram nobis will not be granted except where it clearly appears that petitioner had a valid defense in the facts of the case. Hendricks v. State, supra; Hurt v. State, supra.

While the Attorney General has filed a motion to dismiss, we now see fit, in view of the Blair case, to handle the matter as in Blair.

The judgment complained of is regular on its face.

Writ denied.

NIX and BRETT, JJ., concur.

---

1. See Coram Nobis, by Elo Frank, published by Newkirk Associates, Inc., Albany, New York; Hurt v. State, Okl.Cr., 312 P.2d 169.