Cordell DAY, Petitioner,

v.

Ray H. PAGE, Warden, and State of Oklahoma, Respondents.

No. A–14593.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1968.

Wendell Wightman, Oklahoma City, for petitioner.

Curtis Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., Oklahoma County, for respondents.

PER CURIAM:

This is an original proceeding in which Cordell Day petitions this Court for a writ of habeas corpus attacking the validity of the judgment and sentence pursuant to which he is presently incarcerated in the Oklahoma State Penitentiary.

Petitioner alleges that the sentencing court was without jurisdiction to pronounce judgment in his case because certain constitutional rights were violated or denied. Specifically, Petitioner alleges that he was not represented by counsel when he was taken before the Justice of the Peace after his arrest, that he was questioned by police after his arrest without the benefit of counsel being present, and that his preliminary hearing was waived by a justice of the peace clerk rather than a magistrate.

On May 13, 1968, this Court, under the authority of 22 O.S.Supp.1968, § 1073, directed the Presiding Judge of the Seventh Judicial District to order an evidentiary hearing on the allegations of Petitioner. Pursuant to said order, an evidentiary hearing was conducted before Jack R. Parr, District Judge, Oklahoma County, on June 27, 1968, with Petitioner represented by Wendell E. Wightman, and the Respondent represented by D. K. Cunningham, Assistant District Attorney. After hearing the evidence, testimony of eight witnesses, and the argument of counsel, the district court made its findings. A transcript of the hearing and the findings of the court were then transmitted to this Court. The court's findings, in relevant part, are as follows:

"THE COURT: All right, with reference to the Order to conduct Evidentiary Hearing which I received last month as Presiding Judge, and in compliance with the terms of that order, having heard all

the evidence offered on behalf of Petitioner, Cordell Day, and some five other witnesses in his behalf and two other witnesses on behalf of the Respondent, the Court is of the opinion that the testimony clearly reveals that the Petitioner was represented by counsel, Mr. Taylor Hammett, at his arraignment in District Court, at the time of entry of his plea in District Court and at the time of his sentencing in District Court before the Honorable William S. Myers, Jr., on September 27th, 1968. And that as a matter of fact the record clearly reveals, that is undisputed. Of course the record will speak for itself. Now, with reference to the denial of counsel at critical stages of his prosecution such as certain interrogation sessions and preliminary examinations and so forth. The Court is of the opinion that the Defendant, Cordell Day, or the Petitioner in this case, Cordell Day, was not at any time denied counsel. Court is of the opinion that he did not have counsel present, but that is no sense was he denied counsel. The court is of the opinion that he was not only represented by counsel, Mr. Taylor Hammett, from the very outset, and Mr. Valdhe Pitman somewhat later on, but that the Petitioner was advised of his rights, of all of his constitutional rights, and that none of his constitutional rights were abridged by reason of the interviews in the District Attorney's office. In that respect the Court cannot help but note in passing that the Defendant has had previous criminal experience. Has received a fifteen year sentence for armed robbery, and is knowledgeable about the matters in which he—of which he complains of at this time. And the Court is confident then that this Defendant knowingly and understandably waived the presence of his counsel at the preliminary examination and the interrogations to which he has referred."

■ The fact that Petitioner was not represented by counsel at the time he was brought before the Justice of the Peace after his arrest, by itself, does not constitute the violation of a constitutional right. Although an accused is entitled to counsel at all stages of criminal proceedings, absence of counsel at this stage does not constitute denial of representation by counsel where the accused was later represented by counsel at the time he was arraigned in district court and entered his plea. In Speer v. Page, Okl.Cr., 415 P.2d 176, this court held:

" * * * that when the petitioner and his attorney entered a plea to the charge in the District Court, and did not subsequently withdraw said plea or request a preliminary hearing, such conduct amounted to a waiver."

Also see Winchester v. State, Okl.Cr., 403 P.2d 257.

■ The same law is applicable as regards the allegation that Petitioner waived preliminary hearing before a justice of the peace clerk. It is clear that a justice of the peace clerk is not a magistrate, but there is no constitutional violation when the Petitioner, with counsel, subsequently enters a plea in district court without raising this objection.

■ The entire preliminary proceedings may be waived in the trial court, and are waived, along with any error, therein, by failure to file a motion to quash or set aside as provided by the statute before entering a plea on the merits. Parker v. State, Okl. Cr., 330 P.2d 1049.

Petitioner further complains that he was questioned by the district attorney's office and others for the prosecution without the benefit of having his counsel present. It is then argued that this questioning violates the guidelines set out in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3rd 974, and therefore, the court was without jurisdiction to pronounce judgment and sentence. We cannot agree with this contention.

A review of the Supreme Court's decision in Miranda v. State of Arizona, supra, quickly reveals its proper application. The

opening paragraph of the Miranda opinion states in part:

"More specifically, we deal with the *admissibility of statements* obtained from an individual who is subjected to custodial police interrogation * * *." (emphasis added)

The court further states in its opinion:

"Our holding will be spelled out with more specificity in the pages which follow but briefly stated it is this: the prosecution *may not use statements,* whether exculpatory or inculpatory, stemming from custodian interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.

\*   \*   \*   \*   \*   \*

"The constitutional issue we decide in each of these cases is the *admissibility of statements* obtained from a defendant questioned while in custody or otherwise deprived of his freedom of action." (emphasis added) .

Thus, it is apparent that the Miranda guidelines are concerned with the admissibility of statements, and have no relevance where a defendant enters a plea of guilty while represented by counsel.

■ Noncompliance with any one of the Miranda requirements of warning makes a statement obtained by police during incustody interrogation inadmissible. A defendant's constitutional rights are violated if his conviction is based in whole or in part on a confession made involuntary under the Miranda rules. The admission at a criminal trial of a statement made by the defendant which was not obtained in compliance with the Miranda requirements would render the judgment invalid whether the conviction was subject to attack upon direct appellate review or on collateral post-conviction proceedings such as habeas corpus.

■ However, it is obvious in the instant case that no admission or statement of the accused was entered in evidence

against him since Petitioner while represented by employed counsel freely entered a plea of guilty. If a statement or confession had been made by the accused while he was questioned by the district attorney's office or by police officers which violated the Miranda guidelines, clearly his defense counsel could have objected to such statements if Petitioner had elected to proceed to trial. Since Petitioner did not proceed to trial we find no merit in this argument.

Consequently, the only substantial question in this regard is whether or not the plea of guilty was entered voluntarily. We find from a review of the transcript of the proceedings on September 28, 1967, before Judge William S. Myers, at which time Petitioner entered his plea of guilty and was sentenced, that the court carefully questioned the petitioner as to the voluntariness of his plea and advised him as to its effect. The record reflects the following:

"BY THE COURT: Have you talked this case over with your lawyer and do you understand your rights and have you had the benefit of his counsel and advice with respect to all of these cases?

BY THE DEFENDANT: Yes.

BY THE COURT: It is your intention and your wish that you enter your plea at this time?

BY THE DEFENDANT: Yes.

BY THE COURT: Now what are your pleas to the charges in each of these?

BY THE DEFENDANT: Guilty.

\*   \*   \*   \*   \*   \*

BY THE COURT: Now are you pleading guilty of your own free will and only for the reason that you are guilty? In other words, are you admitting that what is set forth in these informations you did do?

BY THE DEFENDANT: Yes.

BY THE COURT: Now has anyone abused you, mistreated you or threatened you in any way to have you enter such plea?

BY THE DEFENDANT: No.

BY THE COURT: And it is your wish to enter your plea at this time and be sentenced now; is that right?

BY THE DEFENDANT: Yes.

\* \* \* \* \* \*

BY THE COURT: The court wishes to advise you at this time that you do have a right to appeal the judgment and sentence of this Court to the Court of Criminal Appeal. Do you understand that?

BY THE DEFENDANT: Yes.

BY THE COURT: And do you understand that you are entitled to have an attorney represent you on this appeal if you wish an appeal?

BY THE DEFENDANT: Yes.

BY THE COURT: You understand that if you are unable to hire an attorney that the Court will provide an attorney for you for the purposes of such appeal; you understand that?

BY THE DEFENDANT: Yes.

BY THE COURT: Do you understand that you are entitled to a casemade, that is, a full record of these proceedings for the purpose of an appeal at public expense if you are unable to pay for it yourself?

BY THE DEFENDANT: I do.

\* \* \* \* \* \*

BY THE COURT: Is it your wish to appeal from this judgment and sentence?

BY THE DEFENDANT: No.

BY THE COURT: Does the defendant himself not wish to appeal?

BY THE DEFENDANT: No.

BY THE COURT: Do you wish to be provided a casemade at public expense?

BY THE DEFENDANT: I don't think so.

BY THE COURT: Do you wish an attorney to be appointed to appeal this case for you to the Court of Criminal Appeals?

BY THE DEFENDANT: No."

From the foregoing we therefore conclude that Petitioner was fully advised of his rights and that he was represented by counsel of his own choice. The record does not disclose the violation of any constitutional right. Accordingly, the sentencing court had jurisdiction to enter the judgment and sentence now under attack by Petitioner. Where the record and the evidence reveal that the judgment and sentence under which Petitioner is being held is valid, relief will not be granted by habeas corpus. Smith v. State, Okl.Cr., 429 P.2d 533.

For the foregoing reasons the writ of habeas corpus is denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.