Leonard FITCHEW, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–15141.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

Curtis A. Parks, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert H. Macy, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Leonard Fitchew, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County with the crime of Possession of Narcotic Drugs, After Former Conviction of a Felony, and his punishment was fixed at not less than three nor more than nine years imprisonment in the State Penitentiary at McAlester. From this judgment and sentence, he appeals.

On the trial, Detective Charlie Jones testified that on the 17th day of August, 1968, in the early morning hours, he and several officers and officials went to 412 East Tecumseh Street, Tulsa, Oklahoma, armed with a search warrant for those premises. Detective Jones testified that upon entering the premises, he found the defendant and three others present in the living room; a search was conducted and they found narcotics paraphernalia, syringes, needles, and a rolled cigarette, which, when analyzed, was found to be composed of marijuana and in addition, caps containing heroin. He further testified that the defendant bore on his body freshly made needle marks and there was blood found on some of the items. Detective Jones testified that the defendant was glassy-eyed, virtually incoherent and was under the influence of narcotic drugs, in his opinion. The evidence developed that there was no odor of alcohol and no alcohol was found in the home.

Sergeant Tom Lester of the Tulsa Police Department, then testified substantially to the same facts as related by Officer Jones. The only other witness offered by the State was a chemist who identified the drugs.

Hattie Fitchew, defendant's mother, testified for the defendant and she stated that the defendant lived at her home at 1133 North Boston Place in Tulsa. Betty Jo Luckey testified that the defendant did not live at the premises searched; that on the night in question she heard a noise outside the house at 912 East Tecumseh, and as she started to the door to see what was happening, the officers came running in yelling "Don't anybody move"; that the officers searched the residence and the persons there without their permission; that the officers grabbed their purses and dumped them out and continued searching the rest of the home. Betty Jo Luckey further testified that the heroin bottle was not found until after the contents of a purse belonging to Tinney Evans were dumped; however, she did not say that the heroin came from this purse.

On appeal the defendant urges two assignments of error. As his second proposition, he urges that the trial court erred in admitting into evidence the narcotics and narcotic paraphernalia for the reason that the affidavit upon which the search warrant was issued, failed to meet the standards established by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Leonard v. State, Okl.Cr., 453 P.2d 257. Counsel acknowledges that no objection was interposed to the admission of this evidence, nor was an objection raised to the validity of the search prior, during, or in the motion for new trial. Moreover, the record does not contain either the affidavit for the search warrant or the search warrant, but instead, counsel attaches to his brief Appendix A and B which he asserts are copies of the affidavit for the search warrant and the search warrant.

This same assignment of error is urged by Leonard Fitchew in his pro se brief, who asserts that he requested that trial counsel object to the search warrant and the evidence seized under the authority of the same, but that counsel failed to do so. This statement is likewise unsupported by the record, as are most of Leonard Fitchew's assignments of error argued in his pro se brief. Even the most cursory examination of the record discloses that trial counsel was aware of the circumstances that led to the filing of the affidavit for search warrant and the issuance of said warrant and he was satisfied that sufficient information was contained in the affidavit and provided by the informant and Officer Jones prior to the issuance of said warrant to the magistrate issuing the same, in order to establish probable cause for its issuance, which is all that is required in *Spinelli* or *Leonard*. We cite the following testimony appearing in the record which leads us to this conclusion. At page 64 of the Transcript, on cross-examination, the following appears:

"A. Prior to obtaining a search warrant for this residence, I sent an infor-

mant into this residence. This informant purchased a capsule of Heroin.

MR. HUCKIN (Defendant's trial counsel): Oh, if Your Honor please, I am familiar with the basis for the search warrant, but this doesn't tend to prove that he lives in this place. This has absolutely nothing to do with him living there."

Further, at page 65 of the Transcript, we find the following:

"(The following proceedings were then had in the Court's chambers:)

THE COURT: Before we go any— I mean before we get this before the jury, I think clearly it might be prejudicial and I think we ought to let you answer the question now, if you will, please, Mr. Jones, and I will rule on it now before we let the jury hear the rest of it. Would you go ahead with what—finish the answer you started to give out there.

MR. CHARLIE JONES: Prior to the service of the search warrant, I sent an informant into the residence at 412 East Tecumseh Street. The information that I had prior to sending this informant into this residence was that Leonard Fitchew, not by that name, the name of Bootsey—lived at this residence with Betty Jo Luckey and—I'll back up and say for sure the name of Leonard Fitchew was not given to me, but Bootsey was. The informant was thoroughly searched before entering the premises and the informant was given a $10 bill before entering the premises. He went in clean and he came out contaminated. He had a Heroin capsule. He didn't have the $10 bill. He advised that he had purchased the Heroin capsule from Bootsey."

 Although we do not believe that this assignment of error is properly before the Court[1], the excerpts heretofore cited lead us to conclude that had such evidence been properly objected to, we would have

arrived at the conclusion that there was sufficient evidence to support the issuance of the search warrant under *Spinelli* and *Leonard*.

 In addition to the defendant's pro se assignment of error above set forth, Leonard Fitchew has raised the following assignments of error which do not possess sufficient merit to warrant lengthy discussion in this opinion, but are adequately dealt with by the Assistant Attorney General in his brief, which we hereby adopt, as follows:

"Defendant contends in supplemental proposition 1 that he was not properly represented at his preliminary hearing. In supplemental proposition 5, he complains that he was denied aid of counsel in the Tulsa City Jail for a period of three days. Defendant waived both of those irregularities, if they did in fact exist, when he entered his plea of not guilty in District Court.

'The entire preliminary proceeding is waived in the trial court, along with any error therein, by failure to file a motion to quash or set aside as provided by statute before entering plea on the merits.' Day v. Page, Okl.Cr., 446 P.2d 85; Butler v. State, Okl.Cr., 442 P.2d 532.

In supplemental proposition 4 and 6, defendant complains of the statements made by the prosecutor in his opening statement and closing argument. In proposition 4, defendant's specific complaint is 'That prosecutor told the jury that I was high off of narcotic drugs when I was arrested. The prosecutor made the error. There wasn't any proof that I was high off of narcotics.'

In answer to this allegation, the State respectfully directs the Court's attention to pages 27, 28, 29, 30 and 113 of the Transcript of Proceedings wherein two experienced officers testified that in their opinion the defendant was under the influence of drugs at the time of his arrest.

---

1. See Bearshield v. State, Okl.Cr., 318 P.2d 462; Hampton v. State, Okl.Cr., 407 P.2d 210; Cody v. State, Okl.Cr., 361 P.2d

307, 84 A.L.R.2d 997; Jones v. State, Okl.Cr., 410 P.2d 559, and Henderson v. State, Okl.Cr., 385 P.2d 930.

In proposition 6, defendant complains that 'The County Attorney in the case at bar did express his personal opinion and also stated facts not proven by the evidence.' After a careful review of the opening statement and closing argument by the prosecution, it is the position of the State that the same are well documented by the evidence and that the prosecutor carefully avoided stating his personal opinion of the guilt of the defendant.

In his last supplemental proposition, the defendant alleges that the Oklahoma 'After Former Conviction Statute' is unconstitutional and constitutes double jeopardy. This Court has passed upon this question many times in language substantially as follows:

> 'The Habitual Criminal Statute is a valid, existing penal provision and does not conflict in any way with the Constitutional guaranties possessed by the accused.' Butler v. State, supra."

Having dealt with the defendant's pro se assignments of error, we shall now consider counsel for defendant's first proposition that the trial court erred in giving the good time credits instruction, authorized by 57 O.S. § 138. In Williams v. State [2], Okl.Cr., 461 P.2d 997, we held, in the second paragraph of the Syllabus:

> "Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

In accordance with Williams v. State, supra, the judgment and sentence is modified from a term of three (3) to nine (9) years imprisonment, to a term of two (2) to six (6) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

---

2. On rehearing, 57 O.S. § 138 was declared unconstitutional.