**STATE of Delaware**

v.

**Edwin J. TOWERS.**

Superior Court of Delaware, New Castle.

June 24, 1971.

Mason E. Turner, Jr., Deputy Atty. Gen., for the State of Delaware.

James F. Kipp, Wilmington, for defendant.

STIFTEL, President Judge.

A search warrant to search defendant's apartment at Cynwyd Club Apartments was issued out of Justice of the Peace Court No. 10 by Justice of the Peace Claude A. Brittingham, on September 1, 1970. The affidavit in support of the warrant was prepared by State Police officers, Kenneth Venable and Richard Strycharz, based primarily on information furnished to them by an unidentified informant. A quantity of green plant material in plastic bags and manila envelopes, believed to be marijuana, was seized by police at defendant's apartment. Whereupon, defendant was arrested at 9 P.M. on September 1, 1970, and after preliminary hearing, was held under bond for Superior Court.

In this Court, defendant filed a motion to suppress the evidence on the basis that the supporting affidavit was insufficient. He bases his objection to the affidavit on Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637.

*Aguilar* and *Spinelli* established a two-part standard to determine whether the facts presented to the Justice of the Peace are sufficient: (1) There must be facts and circumstances which lead the affiants to conclude that there was probable cause for a search and such facts must be presented in sufficient detail to permit the Justice of the Peace or Judge to make an independent determination as to the existence of probable cause for the search; and (2) the Justice of the Peace or Judge must be presented with the affiants' source of information and where the source is other than the affiants' own personal observation, facts must be presented in the affidavit to enable the judicial officer to independently judge the reliability of the source.

The purpose of the affidavit is to set forth the facts upon which a Justice of the Peace or a Judge may find probable cause to issue a search warrant. If the facts are supplied to the police by an unidentified informer, then information indicating his credibility must be set forth in the affidavit to help the Justice of the Peace or Judge determine the reliability of the source. The facts set forth in this af-

fidavit gave sufficient cause for issuance of a search warrant. In summary, they indicated that on four occasions, one of them controlled, the affiants received marijuana taken from defendant's apartment by an informer; that the informer stated to them that defendant smoked marijuana in his apartment in his presence; that he saw a large plastic bag in defendant's apartment filled with a substance said to be marijuana by the defendant. These facts are sufficient to establish a sound basis for the issuance of the search warrant. Actually, defendant does not energetically argue against the weight of these facts. His argument is based on the absence of any facts pointing to the reliability of the informant's information.

The facts before me differ substantially from those in *Aguilar* and *Spinelli*. There was no "controlled purchase" such as is present here. See State ex rel. Glantz v. District Court, 154 Mont. 132, 461 P.2d 193, 1969; see also, Fitchew v. State, 463 P.2d 1009 (Okl.Cr.1970). Here, the affiants personally searched the informant and his vehicle, gave him $20 in U.S. currency, saw him enter defendant's apartment through a patio door at a precise time on August 22, 1970, and saw him leave the apartment through the patio door ten minutes later on the same date. They also saw the informer get into his vehicle and followed him to a pre-arranged meeting place where he turned over to the affiants a small quantity of green plant material which proved positive for marijuana.

Whereas *Spinelli* dealt with second-hand information, much of the affiants' information was obtained by personal observation of the informer as he proceeded in his activity. True, they did not see the purchase, but the informant's activity was so controlled by them that it satisfactorily established his reliability to them and to the Justice of the Peace who issued the warrant. Since reliability is the issue, the reasonable assurance of the reliability of the source improves with the control and supervision of him by the affiants on his

mission. The likelihood of fabrication is thus reduced and that of credibility, accordingly, substantially increased. Under the circumstances of this case, no more had to be done.

Motion to suppress denied.

It is so ordered.