Leonard P. FITCHEN a/k/a Leonard P. Fitchew, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC 91–1117.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1992.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

Appellant has appealed to this Court from an order of the District Court of Tulsa County denying his third application for post-conviction relief in Case No. 23552.

The record reveals that Appellant was found guilty by a jury of Possession of Narcotic Drugs After Former Conviction of a Felony on January 31, 1969, and was sentenced to a term of not less than three years nor more than nine years. Appellant timely appealed this conviction and this Court modified the sentence to not less than two nor more than six years and affirmed the judgment and sentence as modified. *Fitchew v. State,* 463 P.2d 1009 (Okl. Cr.1970).

Appellant filed his first application for post-conviction relief which was denied by the District Court on June 1, 1971, and was not appealed to this Court.

Appellant's second application for post-conviction relief was granted in part on February 26, 1990, when the District Court found that Appellant was convicted by a jury and that the conviction stands, but modified Appellant's sentence to a term of two years. In the second application Appellant alleged his sentence in Case No. 23552 was incorrectly enhanced by his conviction in Case No. 18049 which was dismissed under the Post–Conviction Procedure Act on March 7, 1985. Appellant's second application for post-conviction relief was not appealed to this Court.

In Appellant's third application for post-conviction relief filed in the District Court which was denied and has been appealed to this Court, Appellant appears to be attempting to appeal the relief granted him by the District Court in his second application for post-conviction relief. Appellant now contends that the District Court lacked jurisdiction to modify his sentence because the sentence had already been served; but that the District Court could only vacate and set aside this sentence.

The Honorable Clifford E. Hopper denied Appellant's third application for post-conviction relief finding the issue raised was not raised either on direct appeal or in Appellant's prior two applications for post-conviction relief and that Appellant failed to offer any good reason for his failure to previously raise the issue. The District Court further found that Appellant's allegation that the District Court lacked jurisdiction to modify his sentence is without merit; that 22 O.S.1981, § 1085, clearly gives the District Court the authority to modify a sentence.

 We do not agree that Section 1085 gave the District Court the authority to modify the sentence on Appellant's second application for post-conviction relief. We have previously held a trial court is without jurisdiction to modify, suspend or otherwise alter a judgment which has been satisfied except to set aside a judgment void on its face as shown by the record. *Tracy v. State,* 24 Okl.Cr. 144, 216 P. 941 (1923). *See also Hall v. State,* 306 P.2d 361 (Okl. Cr.1957); *Browning v. State,* 337 P.2d 755 (Okl.Cr.1959). Section 1085 directs the District Court finding in favor of an applicant to vacate and set or grant a new trial, or correct or modify the judgment and sen-

tence as may appear appropriate. This does not negate our holding in *Tracy* and subsequent cases. Modification of a sentence which has been satisfied is a nullity and, therefore, not appropriate.

█ However, this question is now moot. This Court modified the sentence and affirmed the conviction, as modified, in Appellant's direct appeal; and, the sentence given to Appellant in this case has been satisfied. Further, Appellant did not timely appeal the relief granted to him in his second application for post-conviction relief. We also find nothing in the record before this Court to support Appellant's contention that this conviction should be set aside or vacated.

IT IS THEREFORE THE ORDER OF THIS COURT that the order of the District Court of Tulsa County denying Appellant's third application for post-conviction relief is AFFIRMED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice
Presiding Judge

/s/ Tom Brett
TOM BRETT, Judge

/s/ Ed Parks
ED PARKS, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge